No. 36,854

ANDREW J. MOLONEY, *Appellant*, v. MARJORIE H. MOLONEY, *Appellee*.

(185 P. 2d 167)

JAMES P. COLEMAN, judge. Opinion filed October 4, 1947.

*Stanley Taylor*, of El Dorado, argued the cause, and *Champ Graham*, of Emporia, was with him on the briefs for the appellant.

*Walter E. Hembrow*, of Council Grove, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal is from a ruling sustaining a demurrer to the evidence and the plaintiff's pleadings in a habeas corpus case concerning the custody of children and involves the validity and effect of rulings made in a divorce case by the circuit court of St. Louis, Mo. The children were brought to Kansas following an original custody decree entered in the divorce action, which decree was later set aside in connection with the granting of a new trial by the Missouri court. The trial court ruled that the Missouri court lost jurisdiction of the children after they were brought to Kansas prior to the granting of the new trial and that evidence of misconduct occurring prior to the original custody decree could not be introduced for the purpose of showing that the defendant was an improper person to have custody of the children.

The pleadings set forth most of the essential facts. The plaintiff's petition seeking custody of the children alleges: That he is the father of the children; is a resident of St. Louis, Mo.; the defendant, who is the mother of the children, lives in Council Grove, Kan.; that she unlawfully detains the children in such place by reason of a judgment rendered by the circuit court, city of St. Louis, Court of Domestic Relations, state of Missouri, on September 12, 1946, which judgment granted the plaintiff a divorce from the defendant and also granted the plaintiff the care, custody and control of the children; that such judgment is entitled to full faith and credit in the state of Kansas. In addition to such facts, the petition alleges the plaintiff is a proper person to have the custody of the children and that the defendant is unfit to have their custody.

The defendant's answer and return to the writ sets forth that she is devoting her full time, energy and efforts to the welfare of the children; that she brought them to Kansas pursuant to the original custody decree entered in the same action referred to in the plaintiff's petition, on May 10, 1946; that such decree granted the defendant the custody of the children and the privilege of taking them to Council Grove, Kan.; the court, making such order on May 10, 1946, then had jurisdiction of the plaintiff and the defendant and their minor daughters. Answering further, the defendant alleges the plaintiff was divorced forever from the defendant upon his answer and cross-petition in the divorce action on May 10, 1946; that the defendant brought the children to Kansas with the plaintiff's full knowledge thereof and under authority of the Missouri court for the purpose of establishing a permanent home for herself and the children in Council Grove, Kan., wholly without any intention of ever returning to the state of Missouri; since May 10, 1946, she has no legal representative in Missouri and has lived with the children in Kansas. The defendant's answer also alleges that she had no notice or knowledge at the time thereof of the plaintiff's having filed a motion for a new trial in the divorce action on May 20, 1946, after the defendant had moved to Kansas; that she is now informed the plaintiff filed such a motion and the motion admits that the defendant was permitted by the court to bring the children to Kansas, outside of the jurisdiction of the court, and that such admission is binding and conclusive upon the plaintiff and estopped him from asserting that the Missouri court had not lost jurisdiction of the children. The defendant's answer continues by alleging that on June 14, 1946, the

plaintiff filed in the divorce action a second amended answer and cross-bill; the defendant did not plead thereto, or appear upon the hearing thereof; on May 31, 1946, in the divorce action the court on its own motion set aside the decree of divorce and the custody order but that such action of the court had no validity or effect insofar as the minor children were concerned because they were permanently domiciled in Kansas on such date and the Missouri court had lost jurisdiction of them and had no jurisdiction on September 13, 1946, to award the plaintiff the custody of the children as set forth in the plaintiff's petition; that no inquiry was made on such date as to the general welfare of the children and the decision granting the plaintiff custody thereof was based on false testimony, without any regard for the best interests of the children. As a second defense and answer, the defendant denies all the plaintiff's allegations which are not admitted, and sets forth: "Defendant further alleges and states that the circumstances and conditions have changed since September 13, 1946, even if the Missouri court should be found to have jurisdiction, to the extent that the general welfare, health, and best interests of the minor children demand that they be permitted to remain in Council Grove, Kansas, in the custody of their mother." In addition, the defendant alleges that she has married James Ailworth, who has steady employment and that she is financially able to care for the children in her home which she and her husband and the children occupy by themselves in Council Grove. Copies of all orders of the Missouri court referred to the defendant's pleadings are attached thereto and all orders and rulings of such court apparently were considered by the Kansas trial court without objection.

At the time of the trial in the Kansas district court the plaintiff testified as to circumstances indicating that he was a proper and fit person to have custody of his children and as to his having learned of certain improper conduct on the part of the defendant which occurred prior to May 10, 1946, and which induced the plaintiff in the present action to file a motion for a new trial in the action which had been filed in Missouri. After the introduction of testimony of such general nature the plaintiff was asked the question relative to the defendant's present husband, Mr. Ailworth, having been indirectly involved in the divorce case in St. Louis. An objection was sustained to the question, whereupon counsel for the plaintiff made an offer of proof. The proffer, in substance, set forth that for the purpose of showing who was a proper person to have custody of the

children counsel for the plaintiff proposed to prove that Ailworth had broken up the plaintiff's home and that the marriage of the defendant to Ailworth was preconceived and calculated before she filed her petition for divorce in St. Louis and that Ailworth and the defendant were improper persons to have any part in the control of the children. The court's ruling was as follows:

"The ruling is that so far as the fitness of the party to have the custody of the children is concerned we are limited to matters which have occurred since the divorce; for that reason the offer is refused."

Examination of the record discloses that the trial court ruled that all testimony pertaining to conduct of the parties which occurred prior to May 10, 1946, should be excluded because the uncontradicted evidence disclosed that the defendant had been awarded the custody of the children by the first decree in the Missouri court, and that therefore she had a right to bring the children to the state of Kansas and that when a party having the rightful custody of children takes them to another state for the purpose of, establishing a domicile in that state, the custodian thereby transfers the domicile of the children. As a result the trial court ruled that the Missouri court had lost jurisdiction of the children after they were brought to Kansas and that therefore the Missouri court was without jurisdiction at the time the second custody decree was entered. The plaintiff in the present case relied upon the validity of the second custody decree and contended in the trial court that the first custody decree was not a final decree. The trial court took the position that it made no difference whether the first decree was a final decree; that since the defendant had rightful custody of the children at the time she brought them to Kansas, a lawful transfer of the domicile of the children was made at that time and that therefore at the time the other proceedings relative to the custody of the children occurred in the Missouri court, such court had no jurisdiction over the children. The position of the trial court was that the Missouri court may have retained jurisdiction of the plaintiff and the defendant but that it could not and did not retain jurisdiction over the children after they were brought to Kansas for the purpose of having a new domicile established for them in such state.

After such ruling additional testimony was introduced in behalf of the plaintiff relative to his being a proper person to have custody of the children and the care and attention they would be given if the plaintiff were awarded their custody. Testimony of a witness who

had lived in the same apartment house in which the defendant and the plaintiff had lived in St. Louis was introduced and counsel for the plaintiff offered to prove by such witness that the defendant had neglected the children; had left them alone for periods of hours at a time; that the witness had heard the children screaming and crying when the defendant was far away from them; that the witness had observed the defendant and her present husband prior to their marriage embracing in the hall of their apartment while the defendant was clad only in negligee and that the witness had observed the defendant in company with James Ailworth many times in taverns and saloons drinking together when the children were left alone in the apartment. In connection with the offer, counsel agreed that the conduct referred to had occurred prior to May 10, 1946. The court thereupon refused to hear the proffered evidence. Counsel then offered to prove the reputation of both parties among their friends and neighbors; that the reputation of the plaintiff was good and that the reputation of the defendant was bad. Counsel for the defendant admitted that witnesses for the plaintiff would testify that his present reputation for veracity, morality and industry was good. Thereafter plaintiff offered the testimony of many named witnesses as to the claimed improper activities of the defendant and Mr. Ailworth in Council Grove, Kan., and in St. Louis, Mo., all of which conduct also occurred prior to the time the divorce and custody decree originally was granted on May 10, 1946. The court again refused to hear any evidence of such character and counsel for the plaintiff thereupon rested. The defendant demurred to the evidence and the pleadings of the plaintiff. After hearing argument upon the demurrer, the court sustained it upon the theory that the case was controlled by the decision of this court in *Kruse v. Kruse,* 150 Kan. 946, 96 P. 2d 849. In connection with the ruling, the court commented that a transfer of a minor by the party who has the legal custody of such minor, with the intention of making the latter state the custodian's home, carries with it the transfer of the domicile of the child.

With reference to the question whether the defendant was a fit or an unfit person to have custody of the children, the court ruled:

"We now come to the question of the charge that the present custodian of these minors, the defendant in this case, as to whether or not she is a fit person to have that custody. The only evidence which is pertinent to that question, she having the legal custody at the time that she brought them into the state, is as to what has transpired since that time; as to whether or not anything has transpired which would justify a change. It is true that, as

has been intimated here, that the court in Missouri made some findings, however there has been introduced in evidence here nothing [which] in my judgment would be sufficient to justify this court in saying that the defendant was not a fit person to have the custody of the two children."

The court denied the writ. A motion for a new trial was filed and overruled.

Before giving consideration to the questions presented it should be noted that the defendant no longer contends that any action taken or ruling made by the Missouri court was void because of any failure to give the defendant in this case proper notice. The abstract of the record is not clear but apparently notice of the motion for a new trial on the part of the defendant in the Missouri action was served upon her attorney of record, who afterwards resigned, and she was notified by registered mail of the filing of and the hearing upon the amended answer and cross-petition which the plaintiff had filed in the Missouri divorce case. Whatever the case may be, there is no contention advanced in this court that the proceedings in Missouri were void because of lack of due process.

The first question for consideration is the effect which must be given the final decree of divorce and the custody decree entered by the Missouri court on September 12, 1946. The plaintiff's petition is predicated primarily upon such decree. The decree entered by the Missouri court on such date provided ". . . that the plaintiff's petition be dismissed for failure to prosecute, and that this cause be submitted to the court, upon the cross-bill of the defendant, and upon the pleadings and proof, and the court after hearing the evidence herein, and being satisfied that the defendant is an innocent and injured party, and entitled to the relief prayed for in his cross-bill, doth order, adjudge and decree that he is absolutely and forever divorced from the bonds of matrimony existing between him and the plaintiff, and that he be restored to all the rights and privileges of an unmarried person, and that he have the care, custody and control of Andrea Jeanne, born January 29, 1944, and Jill Kathleen, born November 19, 1945, the minor children of the parties mentioned in the cross-bill, until the further order of the court, and . . ."

As hereinbefore set forth, the Kansas trial court took the position that such decree was valid insofar as it granted the plaintiff a divorce from the defendant in the present action but that it was void insofar as it attempted to determine the proper custody of

the children because the children had been removed to Kansas by a parent who had lawful custody of them and a new domicile had been established for the children in Kansas prior to the time the Missouri court entered the custody decree of September 12, 1946. The case of *Kruse v. Kruse*, supra, is strong authority in support of the reasoning followed by the trial court. Such reasoning also is given judicial approval in cases cited and analyzed in *Wear v. Wear*, 130 Kan. 205, 285 Pac. 606. Paragraph one of the syllabus in the Wear case reads:

"It is the general rule that in an action for divorce a court does not have jurisdiction to adjudicate the custody of a minor child domiciled in another state."

The opinion in the last-cited case quotes, with approval, from many cases and texts, including 2 Bishop on Marriage and Divorce, 189, § 1189, from which the following is quoted:

" 'At least this jurisdictional fact—dominion over the legal situs—must be present before a court can presume to adjudicate a status, and in cases involving the custody of children it is usually essential that their actual situs as well be within the jurisdiction of the court before its decree will be accorded extraterritorial recognition. . . .' " (p. 221.)

And see texts and cases cited in *Kruse v. Kruse*, supra.

Our consideration of the question will not be further extended herein because it is the opinion of the court that the defendant in the present case cannot raise the question of the Missouri court's possible lack of jurisdiction over the custody of the minor children even though they may have been domiciled in Kansas.

The record clearly discloses that the defendant in the present action was the party who invoked the jurisdiction of the Missouri court when she filed her petition therein praying for a decree of divorce from her husband and seeking the custody of their children. In so doing, she asserted that such court had jurisdiction and authority to consider and pass upon her right to the custody of the children. She sought affirmative relief in such court. She obtained some relief from it when the original decree of divorce was granted and she was given the custody of the children in connection therewith. As soon as she obtained that relief, she attempted to abandon the action and come to Kansas and thereby deprive the Missouri court of further jurisdiction concerning the custody of her children. Even if it may be conceded that the Missouri court had lost jurisdiction by reason of the children having acquired a domicile in

Kansas, nevertheless, under the law in this state the defendant cannot be heard to assert such fact.

In the case of *Kirby v. Kirby,* 143 Kan. 430, 55 P. 2d 356, a wife brought an action in the supreme court of the District of Columbia, in which she sought a divorce *a mensa et thoro* from her husband and the custody of their children. She was awarded certain alimony *pendente lite* and custody of the children until the further order of the court. The wife took the children and came to Kansas. The court had denied her permission to do so but such point is of no significance in the present case. The defendant husband in the cited case filed an answer and cross-bill in the District of Columbia court and also therein sought custody of the children. He was granted a divorce and the custody of the children. Later he came to Kansas and filed an action in habeas corpus to recover possession of the children. On the day before the hearing in the habeas corpus case the wife filed a cross action in Kansas against her former husband and asked for alimony and custody of the children. Shortly before the cross action was finally passed upon by the foreign court, the wife had filed a petition to dismiss the bill for divorce which she had originally filed in the District of Columbia court. The opinion reads as follows:

"When that court on final hearing dismissed her bill of complaint it did not deprive itself of jurisdiction to try the cause on the defendant's cross bill. . . . In effect, the trial court held that Mrs. Kirby could start an action for divorce in a court of competent jurisdiction in the District of Columbia, obtain some relief from it, then abandon that action and come to Kansas to start another action, and because she got personal service on her husband she was not bound by what the D. C. court did. Such a holding is not proper. . . . On that petition, she asked for and received an order for custody of the children, and she asked for alimony *pendente lite.* A somewhat analogous situation was involved in *Bledsoe v. Seaman,* 77 Kan. 679, 95 Pac. 576, where plaintiff sought to avoid the force and effect of a decree of divorce rendered in South Dakota. She and her husband were residents of Kansas. Her husband went to South Dakota and brought suit for divorce. She followed him there and filed a cross petition alleging she was a resident of that state, and on her cross petition a decree was rendered in her favor, as well as a judgment for alimony and the custody of her minor child. In denying her contention that she was not bound by the South Dakota decree, this court said: 'She has retained the exclusive possession and control of the child during that time. The judgment for alimony still stands in her favor. A party cannot invoke the jurisdiction and power of a court for the purpose of securing important rights from his adversary through its judgment and, after having obtained the relief desired, repudiate the action of the court on the ground that it was without jurisdiction. The question whether the court had jurisdiction,

either of the subject matter of the action or of the parties, is not important in such cases. Parties are barred from such conduct, not because the judgment obtained is conclusive as an adjudication, but for the reason that such a practice cannot be tolerated. People who invoke the action of a court, and, through negligence or falsehood, mislead the court as to the existence of the facts upon which its jurisdiction depends, and obtain a judgment for relief, will not afterwards be heard to deny the validity of such judgment. (16 Cyc. 795-800; *Ogden v. Stokes,* 25 Kan. 517.)' (p. 684.)

"It must be held that plaintiff, by reason of the institution of the action in the District of Columbia, and the allegations of her petition, *could not be heard to say,* on the trial in Edwards county, that the supreme court of the District of Columbia *was without jurisdiction* of the parties to the action and *of the subject matter of the action.* [Emphasis supplied.]·

"In many cases where there has been controversy over the binding force of a decree of divorce, the crux of the controversy has been over the question of whether the service on the defendant was constructive or personal. Here we are not confronted with that difficulty. Mrs. Kirby invoked the jurisdiction of the supreme court of the District of Columbia. Even though she were a resident of Kansas, even though our statute did not recognize the binding force of a decree rendered on publication service, she could not collaterally attack the decree rendered. If it is to be set aside, it must be in a direct action in that court. It is not claimed there was any fraud on the part of the defendant in obtaining the decree in his favor on his cross bill. Were that true, still Mrs. Kirby's relief would have to be obtained in a direct attack. As bearing on this feature of the case, as well as on the general question of the binding force and effect of the decree, see *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546. (See, also, *Phillips v. Phillips,* 69 Kan. 324, 76 Pac. 842.) Even though the decree had been obtained as a result of constructive service upon Mrs. Kirby, in an action brought by her husband, it would not have been subject to collateral attack. (See *Miller v. Miller,* 89 Kan. 151, 155, 130 Pac. 681.)" (p. 436.)

From page 439 of the opinion the following is quoted:

"It thus appears that the decree of the supreme court of the District of Columbia was entitled to full faith and credit and the failure to so recognize it was error. Giving it such recognition, it must be held that at the date of its rendition it settled all matters between the parties *up to its date.*" (Emphasis supplied.)

See, also, *Wible v. Wible,* 153 Kan. 428, 434, 110 P. 2d 761.

From the foregoing it must follow that the defendant in the present action is estopped from questioning the jurisdiction of the Missouri court to render its decree of September 12, 1946. As we read the Missouri law, a party to a divorce suit in that state is presumed to know that a decree entered therein is unstable in character during the term in which it is entered. In *Cherry v. Cherry,* 225 Mo. App. 998, 35 S. W. 2d 659, the opinion reads:

". . . she must be presumed to have known that the decree was in the

breast of the court during the term and that it was subject to be set aside at the discretion of the court (a discretion, though not absolute, very broad), and, therefore, she knew of the unstable character of the decree." (p. 1002.)

The defendant in the present case did not have the right to consider the decree of May 10 as final as soon as it was entered. In Missouri a judgment apparently is not considered as rendered until a pending motion for a new trial is overruled. (*Lusk v. Kansas City Seed & Grain Co.*, [Mo. App. 1918] 204 S. W. 742; 34 C. J. 67, 68, 69, citing *Sterling v. Parker-Washington Co.*, 185 Mo. App. 192, 208, 170 S. W. 1156; *Romine v. Haag*, [Mo.] 178 S. W. 147, 151; *State, ex rel. Scott, v. Smith*, 104 Mo. 419, 423, 16 S. W. 415, and *St. L. D. and S. Loan Ass'n v. Augustin*, 2 Mo. App. 123.)

In 1943 Missouri enacted a new code of civil procedure which took effect on January 1, 1945. Section 116 thereof reads:

"A motion for a new trial shall be filed not later than 10 days after the entry of the judgment. The judgment shall be entered as of the day of the verdict. If a timely motion is filed the judgment is not final until disposition of the motion."

Section 119 of such code reads:

"Not later than 30 days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor."

There is no contention on the part of the defendant that plaintiff's motion for a new trial was not filed within ten days or that the order of the Missouri court granting a new trial was not made within thirty days after the original order was entered but it is vigorously contended by the defendant that the order granting the new trial was made by the court of its own initiative and that the order granting the same did not specify the grounds therefor. Counsel for the defendant, therefore, contend that the granting of a new trial was void. Examination of the record in the Missouri divorce case discloses that the Missouri court, on its own motion, "set aside, vacated and for naught held" the decree and judgment rendered on May 10, 1946. The order reads: "It is further ordered by the Court that plaintiff's petition and defendant's crossbill heretofore filed herein, be reinstated on the docket of this Court." Nothing is contained in the order granting a new trial which, in any manner, specifies the grounds therefor. Counsel for the defendant have cited a recent textbook published by Charles L. Carr, in which the

author calls attention to the rule promulgated by the Supreme Court of Missouri under authority granted to it by the legislature, namely, Rule 1.10, which is as follows:

"When a trial court grants a new trial without specifying of record the ground or grounds on which the new trial is granted, the presumption shall be that the trial court erroneously granted the motion for new trial and the burden of, supporting such action is placed on the respondent.

"If the trial court grants a new trial without specifying discretionary grounds, it shall never be presumed that the new trial was granted on. any discretionary grounds." (2 Carr's New Work Missouri Civil Procedure, p. 1, 37.) (p. 476.)

We note that the text states when a new trial is granted without specifying of record the grounds therefor, the presumption shall be that the trial court erroneously granted the motion for a new trial. The text does not go to the extent of inferring that such an order is void. If the order was erroneous, only the burden was upon the plaintiff in the Missouri case, who is the defendant in this case, to have the possible error considered by the Missouri court either in further proceedings in the trial court or by timely appeal. The second presumption commented on by the author to the effect that in the present circumstances it shall never be presumed that the new trial was granted on any discretionary grounds is indicative only of another presumption which might be rebutted by proper proceedings in the Missouri court. It is unfortunate that we do not have a decision from Missouri to aid this court upon the result which must follow from the failure of the trial court to specify the grounds upon which a new trial was granted. After the new Missouri code was passed but before it went into effect, the Springfield Court of Appeals of Missouri, on May 9, 1944, in *Spickard v. Mc-Nabb,* 180 S. W. 2d 611, held as follows:

"It is well settled law that the Circuit Court has the inherent power to set aside a judgment during the term at which it is. rendered, whether upon a motion timely filed or of its own motion, and without stating the grounds upon which its action is based, since the entire proceeding remains in the breast of the court throughout the term in which the judgment is rendered. *Beer v. Martel,* 332 Mo. 53, 55 S. W. 2d 482; *Taylor v. Cleveland, C., C. & St. L. Ry. Co.,* 333 Mo. 650, 63 S. W. 2d 69. And this court, in a very recent case, has held that under such circumstances the trial court 'had the undoubted right to grant a new trial for any reason that he saw fit, on his own motion.' *Merchants & Planters Bank of Hornersville v. Brewer,* 177 S. W. 2d 540, 543." (p. 613.)

The citation, however, is not convincing authority upon the ques-

tion before us because the new code was not referred to in the opinion and the circumstances of the case occurred before the adoption of the new code. We note in considering the question that section 115 of the 1943 Missouri code reads:

"A new trial may be granted for any of the reasons for which new trials have heretofore been granted. A new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or referee. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment. Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence. Every order allowing a new trial shall specify of record the ground or grounds on which said new trial is granted."

Apparently one purpose, at least, sought to be attained by requiring the specification of the grounds on which the new trial is granted is to have the record disclose that two new trials were not granted because the verdict was against the weight of the evidence. Consequently, the protection intended by the legislature to be afforded is not involved when only one new trial has been granted. Until the Missouri court has held to the contrary, this court is constrained to hold that the failure of the Missouri court to specify the grounds for granting a new trial was only an irregularity which could not be attacked in a collateral proceeding. A failure to specify the grounds upon which a new trial is granted ordinarily will not divest a court of further jurisdiction of the cause. (See *In re Estate of Bourke*, 159 Kan. 553, 156 P. 2d 501, 157 A. L. R. 1107.)

It follows from the foregoing that the defendant in the present action as plaintiff in the Missouri divorce action, was required to continue as a party thereto and to exhaust her remedies therein, which remedies included her right to correct by appeal or by supplemental proceedings any ruling which she might have contended was erroneous on the part of the Missouri trial court. She did not do so but sat idly by and permitted the judgment of September 12, 1946, to be entered by the Missouri court. One of the issues determined by such court, in compliance with the petition she had filed, was the right to the custody of her children. Since the defendant invoked the jurisdiction of that court for the purpose of having that court determine the question, she cannot now be heard to say, in an independent action, that the judgment of the Missouri court was incorrect or induced by fraud. (*Kirby v. Kirby*, supra.) Consequently, the decree of the circuit court of Missouri became final and was en-

titled to full faith and credit under article 4, section 1, of the federal constitution. The ruling of the trial court to the effect that the plaintiff in the present action could not introduce evidence to show misconduct on the part of the defendant which might indicate her unfitness to have custody of her children because such conduct occurred prior to May 10, 1946, was clearly erroneous. The custody decree entered on such date was set aside. A vacated judgment cannot be the basis for a claim of *res judicata*. When a judgment or decree is properly set aside, nothing remains adjudicated thereby. (See *Standard Life Ass'n v. Merrill*, 147 Kan. 121, 75 P. 2d 825.) The decree of the Missouri court of September 12, 1946, however, not only was entitled to full faith and credit but it became *res judicata* concerning any matter properly determined at the time the decree was rendered. (*White v. White*, 160 Kan. 32, 159 P. 2d 461.)

When the plaintiff in the trial court introduced the decree of the Missouri court dated September 12, 1946, granting custody of the children to the plaintiff, the burden of producing evidence shifted to the defendant for the purpose of establishing her asserted defense thereto that circumstances and conditions had changed since September 12, 1946, and that the best interests of the minor children demanded that they be permitted to remain in Council Grove, Kan.

The judgment of the district court is reversed with instructions to set aside the ruling sustaining the demurrer and to hear any proper evidence which may be offered by the respective parties relative to the conditions which may have changed subsequent to September 12, 1946, and pertaining to the best interests of the children insofar as their present and future welfare is concerned. Nothing in this opinion should be construed as prejudicing the rights of the parties insofar as the question whether either party is a fit and proper person to have custody of the children may be involved in further proceedings.

BURCH, J. (concurring specially): I concur in the conclusion that the ruling of the district court in sustaining the demurrer was incorrect and that the case must be remanded for further proceedings but I do not agree with that part of the opinion which holds the defendant cannot assert that the Missouri court was without jurisdiction to enter the decree of September 12, 1946, concerning the right of custody of the children. I think the defendant in this case is not bound by the rule established in *Kirby v. Kirby*, supra. When

the defendant in the present action, as plaintiff filed the action for divorce in Missouri, she did not mislead that court by any false representations as to the existence of facts upon which its jurisdiction depended. There is nothing inconsistent about her having filed the action in Missouri and then having brought the children to Kansas with the court's permission. When the Missouri court later set aside the decree which authorized her to bring the children to Kansas and set aside the divorce which had been granted to her husband, such order left the defendant in the position of a parent in rightful custody of her children, who was separated from her husband during the pendency of a divorce and child custody action. If, during the pendency of a divorce case, the parties are separated and live in different states, the domicile of the children controls the jurisdiction of the court hearing the divorce case, insofar as the court's authority to enter child custody decrees is concerned. In the present case the defendant alleged that she brought the children to Kansas for the purpose and with the intent of establishing their domicile in Kansas about four months before the Missouri court entered its decree granting their custody to the plaintiff. The record is not clear whether counsel for the plaintiff conceded in the trial court that the defendant did so. If such fact was not conceded, the trial court should have heard evidence upon the question. If evidence supports the defendant's contention to such effect, then it would follow that the Missouri court did not have jurisdiction to enter the custody decree of September 12, 1946. In such circumstances, neither of the custody decrees entered by the Missouri court would have been *res judicata* upon the issue involved. The order of May 10, 1946, could not be relied upon for the purpose of *res judicata* because it had been set aside. The decree of September 12, 1946, relative to the custody of the children would be void because the Missouri court had lost jurisdiction to make such an order by permitting the defendant to establish a new domicile for the children when she brought them to Kansas. As I read *Kruse v. Kruse,* supra, and *Wear v. Wear,* supra, such cases support such a conclusion and should be followed although it must be conceded that there is authority to the contrary. As a result, in my opinion, the ruling of the district court sustaining the demurrer should be reversed with directions to rehear the case upon its merits and to make such disposition thereof as will best promote the present and future welfare of the children.

WEDELL, J. (concurring in part): I concur in the result but I do not agree the instant case is controlled by *Kirby v. Kirby,* 143 Kan. 430, 55 P. 2d 356.