No. 44,040

Earl P. Turner, Jr., *Appellant*, v. Robert J. Melton and Norie Lee Melton, *Appellees*.

(402 P. 2d 126)

Opinion filed May 15, 1965.

*T. Richard Liebert,* of Coffeyville, argued the cause, and *Frank W. Liebert,* of Coffeyville, was with him on the brief for the appellant.

*John B. Markham,* of Parsons, argued the cause and was the brief for appellees.

The opinion of the court was delivered by

Price, J.:   This is an action in habeas corpus.

The appeal is by the father from an unsuccessful attempt to gain custody of his minor child.

The background of the matter is as follows:

The plaintiff, Earl P. Turner, Jr., and the defendant, Norie Lee Melton, were formerly husband and wife.   They had four minor children of tender years.   On January 9, 1961, in the district court of Osage county, Oklahoma, he, as plaintiff in that action, obtained a default divorce decree and was awarded custody of the four children, one of whom was Tina Louise Turner, age six months. Plaintiff was represented by Mr. George Briggs, an attorney of Pawhuska, Oklahoma.

Nine days later, on January 18, 1961, defendant mother, through counsel, filed a motion to set aside or modify the divorce decree alleging that she had no notice that the divorce action would be heard on January 9, and that she was a fit and proper person to have the case and custody of the minor children, and that plaintiff father was not.

In the meantime it appears that the plaintiff had taken the children to the state of Wisconsin and that they were being cared for by his stepmother.

On February 21, 1961, notice of defendant's motion to set aside or modify the divorce decree was served on Mr. Briggs.

On March 13, 1961, defendant's motion came on for hearing. The record shows that plaintiff appeared by Mr. Briggs, and that defendant was present in person and by her attorney, Mr. Tillman. Defendant introduced her evidence on the question of custody. Plaintiff's demurrer to such evidence was overruled. At the conclusion of the hearing the court rendered judgment modifying the divorce decree of January 9, by awarding custody of the four minor children to defendant. The journal entry of judgment was approved in writing by Mr. Briggs as attorney for plaintiff, and by Mr. Tillman as attorney for defendant.

The order of March 13 granting custody to the mother was made by the district judge who presided at the divorce hearing on January 9. In the meantime it appears that the children continued to live in Wisconsin.

In 1963 defendant was married to Robert J. Melton.

In July 1963, we are advised that defendant went to Wisconsin, took the child, Tina Louise, from plaintiff's stepmother, and brought her to Labette county, Kansas, where she and her new husband were living.

Later, plaintiff brought this action in habeas corpus in the district court of Labette county against defendant and her husband in an effort to obtain possession and custody of the child, Tina Louise, who was then three years of age. Among other things, his petition alleged that following the Oklahoma divorce in January, 1961, he had taken all four children to Wisconsin; that they had been properly cared for by him and his stepmother; that in June, 1963, he had remarried and that he and his new wife were able to provide a good home for the child Tina Louise; that defendant, his former wife, had in fact "abducted" the child and unlawfully brought her to Labette county, and that he had received no notice of the Oklahoma custody hearing in March, 1961.

The answer of defendant and her husband pleaded the Oklahoma custody order of March, 1961, alleged that plaintiff was wholly unfit to have custody of the child and that under the doctrine of "parens patriae" the court should inquire into what was for the best interests and welfare of the child as provided for by the laws of Kansas.

After full hearings conducted in September and October, 1963, at which all parties were present in person and by counsel, the

district court of Labette county, on December 30, 1963, found that plaintiff father was an unsuitable person to have custody of the child and that its interests and welfare would best be served by remaining in the custody of defendant mother, who was found to be a fit and suitable person. It was further ordered that the child be kept within the jurisdiction of the court and that plaintiff have reasonable rights of visitation so long as he properly demeaned himself.

It is from this order that plaintiff has appealed.

Although the matter is approached from several different angles, plaintiff's contentions are based chiefly upon the propositions that the order of the Oklahoma court of March 13, 1961, granting custody to defendant mother, was invalid because neither plaintiff nor the child was present or domiciled in Oklahoma at the time, that plaintiff had no notice of the hearing, and that attorney Briggs was unauthorized to appear for and represent him at the hearing; that following the divorce decree and custody order of January 9, 1961, the domicile of the child was that of plaintiff—Wisconsin—and therefore the Oklahoma court was without jurisdiction to make the order of March 13, 1961; that having unlawfully "abducted" the child from its domicile in Wisconsin defendant had no standing to claim and seek custody in the district court of Labette county, and that the valid Oklahoma order of January 9, 1961, must be given full faith and credit by the courts of this state.

We believe there are several reasons why plaintiff's contentions may not be sustained.

Although the judgment from which this appeal is taken does not appear to have been based upon the Oklahoma order of March 13, 1961, granting custody to defendant mother, we mention briefly that order. True, plaintiff was not personally present at the hearing. He was, however, represented by attorney Briggs, who had represented him just two months earlier in the divorce case. Briggs appeared and participated at the hearing in question. He approved and signed the journal entry of judgment. On the face of things the judgment appears to be regular in all respects. The rule of *Hannon v. Hannon,* 186 Kan. 231, 350 P. 2d 26, and related cases, relied on by plaintiff, is not applicable to the facts of the present case which arose in Oklahoma. In any event, plaintiff is not permitted to make a collateral attack on that judgment. When defendant went to Wisconsin in 1963 and secured possession of the

child she was clothed with the authority of the Oklahoma court order of March 13, 1961.

Be that as it may, the child was brought to Labette county by defendant mother, and thus the court in this habeas corpus action was faced with a very practical and realistic situation. In denying plaintiff's application for a writ the court found there had been a change in conditions, that plaintiff was unsuitable to have custody, and that the best interests and welfare of the child dictated that it should remain with defendant mother who was found to be a fit and suitable person. Aside from the practical aspects of the matter where, as here, the court had all parties, including the child, before it, there was ample authority for the court to make the order that it did under the general theory and doctrine of *"parens patriae,"* which recognizes the right and duty of the state to step in and act for what appears to be the best interests of a child. Although factually dissimilar, the rule is well stated in *Wear v. Wear,* 130 Kan. 205, 224, 285, Pac. 606, 72 A. L. R. 425, where it was held:

"In a habeas corpus proceeding brought by one of the parents against the other for the custody of their child, the court has before it the question of the rights of the parties as between themselves, and also has before it, if presented by the pleadings and the evidence, the question of the interest which the state as *parens patriae* has to promote the best interests of the child." (Syl. 3)

(See also *In re Thompson,* 178 Kan. 1, 4, 5, 282 P. 2d 440.)

Considering all of the facts in this case—including the age of the child—we know of no reason, either of law or of fact, why this judgment should be disturbed, and it is therefore affirmed.