No. 44,268

WILLIAM JOSEPH MURPHY, *Appellee*, v. BARBARA ANN MURPHY, *Appellant*.

(410 P. 2d 252)

Opinion filed January 22, 1966.

*William H. Dye,* of Wichita, argued the cause, and *Eugene G. Coombs* and *John M. Reiff,* of Wichita, were with him on the brief for the appellant.

*Harry E. Robbins, Jr.,* of Wichita, argued the cause, and *Lyndon Gamelson, Donald C. Tinker, Jr.* and *Keith Sanborn,* of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a habeas corpus action brought under the provisions of K. S. A. 60-1501 for custody of the three minor children of the parties. The petitioner, William Joseph Murphy (appellee), is the father, and respondent Barbara Ann Murphy (appellant) is the mother of the children in question. For clarity the parties will hereafter be referred to as Mr. and Mrs. Murphy.

The basic question presented by this appeal is whether or not the trial court erred in failing to hear evidence of changed conditions regarding the best interests and welfare of the minor children.

The stipulated facts disclosed by the record are that Mrs. Murphy obtained a divorce from Mr. Murphy in the circuit court of Jackson county, Missouri, on July 9, 1963, and was awarded custody of the three minor children. Mr. Murphy was ordered by the court to pay $40 a week support and was granted reasonable visitation rights. On July 23, 1964, Mr. Murphy filed a motion in the Missouri court to modify the custody order, but the matter was not set for hearing

on a definite date. Also on this same day Mr. Murphy gave notice to take Mrs. Murphy's deposition on August 1, and a copy of the motion to modify was served on Mrs. Murphy by certified mail, return receipt requested.

On August 3 the attorney who had represented Mrs. Murphy in her divorce case filed a motion to require Mr. Murphy to advance attorney's fees and suit money and noticed the matter for hearing on August 7. The hearing was continued to August 14. Attorneys for the parties appeared and discussed the matter with the Missouri court, and Mr. Murphy agreed to pay the costs of the deposition. The court, however, did not rule on the motion.

Notices were subsequently served to take the depositions of both parties. On September 23 Mrs. Murphy conferred with her attorney regarding the depositions which were to be taken on October 10. On October 6 Mrs. Murphy's attorney telephoned her home to remind her of the depositions which were to be taken on the 10th, but a friend answered the telephone and advised the attorney that Mrs. Murphy was out. The friend told the attorney she would convey the message to Mrs. Murphy. However, on October 10 Mrs. Murphy did not appear. When Mrs. Murphy's attorney checked to ascertain the reason for her absence he was informed she had moved out of the state. Following this, Mrs. Murphy's attorney wrote a letter to her asking her to contact him so he would know how to proceed on Mr. Murphy's motion. This letter was returned to the attorney's office on October 22 marked "Moved, left no address." Mrs. Murphy and the children had moved from Kansas City, Missouri, to California, where they stayed two weeks, and then came to Kansas.

On October 24 Mr. Murphy filed a notice calling up for hearing and disposition on October 30 his motion to modify the custody order. This notice was mailed to Mrs. Murphy's attorney on October 22. On October 28 the attorney for Mrs. Murphy notified the Missouri court by letter that he had tried to reach his client, was unable to do so, and planned to withdraw.

The Missouri court, on October 30, 1964, heard evidence on Mr. Murphy's motion to modify and entered an order changing custody of the children from Mrs. Murphy to Mr. Murphy. Attorney's fees were awarded to Mrs. Murphy and have been paid by Mr. Murphy.

Mr. Murphy located his children in Wichita, Kansas, and on

February 12, 1965, petitioned the district court of Sedgwick county for a writ of habeas corpus. Mrs. Murphy filed an answer to the writ.

On March 8 the district court, after reciting that it had examined the briefs and heard oral arguments of counsel, made findings of fact and conclusions of law. No testimony was heard relating to any change in conditions existing which would affect the minor children. In addition to the facts heretofore stipulated, the court found that Mrs. Murphy had knowledge of the pendency of the motion for change of custody in the Missouri court; nevertheless, she absented herself from the jurisdiction of the court even though she had notice of the hearing for disposition of said motion. The court concluded that the circuit court of Jackson county, Missouri, in entering its order of October 30, 1964, had jurisdiction of the subject matter of the action and of the parties; that the Missouri court retained continuing jurisdiction in the matter of the custody of the minor children; and that the district court of Sedgwick county, Kansas, should give full faith and credit to the order and decree of the Missouri court. Accordingly, the district court sustained Mr. Murphy's petition and granted him custody of the three minor children. From this order Mrs. Murphy has appealed.

Mrs. Murphy contends on this appeal the district court erred in (1) failing to hear evidence of changed conditions regarding the best interests and welfare of the minor children, and (2) in giving full faith and credit to the order of the circuit court of Jackson county, Missouri. In view of our disposition of this appeal, Mrs. Murphy's first contention is the only one which need be considered in depth.

Mrs. Murphy asserts that the district court was charged with the responsibility of hearing evidence about changed conditions affecting the welfare of the minor children under the provisions of K. S. A. 60-1505 (d), and the doctrine of parens patriae.

The pertinent portion of K. S. A. 60-1505 (d) on which Mrs. Murphy relies is:

". . . and the court may make such other orders as justice and equity or the welfare of a minor physically present in the state may require. . . ."

Mrs. Murphy argues that the statute places on the district court the responsibility of providing for the best interests and welfare of minor children physically present within the state, and, therefore, the court should hear evidence before acting on a petition for

writ of habeas corpus, regardless of the contents of the answer to the writ. We believe the provisions of K. S. A. 60-1504, requiring the person to whom a writ is directed to file a verified answer containing a statement of the authority or reasons for the restraint and a copy of the written authority for the restraint, if any, may not be passed over in such a superficial manner.

An examination of the pleadings in this case is enlightening. Mr. Murphy's petition for writ of habeas corpus alleges that the restraint of the children by the mother is unlawful and illegal for the reason the order of the Missouri court granted custody of the children to him. The petition further alleges that Mrs. Murphy, disregarding said order, "secreted said minor children of the parties out of the State of Missouri," and now unlawfully restrains them in Sedgwick county, Kansas. A copy of the Missouri order is atached as an exhibit to the petition. In her answer to the writ Mrs. Murphy admits the children are physically present in Sedgwick county but alleges she is entitled to their custody because the Missouri order is void for lack of jurisdiction over her or the children. Paragraph 2 of her answer reads as follows:

"Further, this respondent alleges that there is no unlawful restraint of the parties' children as alleged in the petition. Respondent further specifically pleads that the court, pursuant to Kansas Code of Civil Procedure, Section 60-1505 ($d$), determine who is entitled to custody of the children based upon the children's welfare."

The only authority or justification set forth in Mrs. Murphy's answer for the restraint of the children is the lack of jurisdiction of the Missouri court to enter its order changing custody to Mr. Murphy. The district court of Sedgwick county specifically found against her on this point, and Mrs. Murphy now on appeal concedes the validity of the Missouri order.

In the second paragraph of her answer Mrs. Murphy merely requests the court to determine the matter of custody based upon the children's welfare. This is the very issue that was determined by the Missouri court at the hearing held on October 30, 1964, at which Mrs. Murphy failed to appear. Her answer amounts to no more than a request to relitigate the right to custody without alleging any change of conditions or circumstances that would constitute "authority or reasons for the restraint" as required by the statute (K. S. A. 60-1504).

When a parent who has legal custody of minor children under a valid decree of a sister state institutes a habeas corpus proceeding

against the parent who has possession of the children in this state and bases his right to recover physical custody on the foreign custody decree, the burden is on the parent who has possession of the children to establish that there has been a change in circumstances and conditions since the date of the foreign decree that requires a modification thereof for the best interests and welfare of the children. (*Price v. Price,* 187 Kan. 292, 356 P. 2d 1013; *Moloney v. Moloney,* 163 Kan. 597, 185 P. 2d 167.) There is nothing in Mrs. Murphy's answer to indicate she desired to assume the burden of showing changed conditions or circumstances.

Mrs. Murphy contends that regardless of the provisions of K. S. A. 60-1505 (*d*), the trial court should have heard evidence and inquired into the welfare and best interests of the children under the doctrine of *parens patriae,* sometimes referred to as the rule of "independent investigation." (See Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich. L. Rev. 345 [1953], and Comment, Child Custody and the Conflict of Laws in Kansas, 10 Kan. L. Rev. 595 [1962].) The doctrine, long adhered to in this state and recently recognized in *Turner v. Melton,* 194 Kan. 732, 402 P. 2d 126, is based on the theory that the state, in its relation as *parens patriae,* has the right and duty to act in the best interests and welfare of minor children. The trial court in a habeas corpus proceeding may consider the state's interest and invoke the doctrine in an appropriate case if the matter is raised by the pleadings. The significance of the pleadings was observed in the landmark case of *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606, 72 A. L. R. 425, wherein it is stated:

"In a habeas corpus proceeding brought by one of the parents against the other for the custody of their child, the court has before it the question of the rights of the parties as between themselves, and also has before it, if presented by the *pleadings* and the evidence, the question of the interest which the state as *parens patriae* has to promote the best interests of the child." (Syl. ¶ 3.) (Emphasis added.)

In the instant case the allegations of Mrs. Murphy's answer were insufficient to require the district court to consider the state's interest in its relation as *parens patriae* and make inquiry into the welfare of the minor children.

In view of what we have said, we conclude the district court did not err in failing to hear evidence about any change in conditions and circumstances.

The force and effect of our disposition of the first point on appeal render superfluous the consideration of Mrs. Murphy's second point —that the district court erred in giving full faith and credit to the order of the circuit court of Jackson county, Missouri. We note, however, that Mrs. Murphy cites numerous cases, including *Wear v. Wear,* supra, *Moloney v. Moloney,* supra, *Moloney v. Moloney,* 167 Kan. 444, 206 P. 2d 1076, and *Price v. Price,* supra, to sustain her contention that a foreign custody decree is not entitled to "full faith and credit." An extensive analysis of these decisions on this question is unnecessary. The cases are helpful in that they illustrate the importance of a respondent pleading changed conditions and circumstances when modification of a foreign custody decree is sought. In the *Moloney* and *Price* cases the answers to the writs of habeas corpus alleged changed conditions and circumstances occurring subsequent to the entry of the foreign custody decree. The district court in each instance heard evidence offered to support such allegation. In the *Wear* case the answer alleged the petitioner was an unfit person to have custody of the child, and that it would be to the child's best interests to remain with the respondent. There the district court offered to hear evidence of changed conditions which would justify modification of the foreign custody decree, but the respondent offered no evidence to support his allegation.

Although in the instant case the district court's apparent reason for hearing no evidence was premised on its conclusion of law, "That the Circuit Court of Jackson County, Missouri retains continuing jurisdiction in the matter of the custody of the minor children involved herein," we affirm the decision of the district court solely on the absence of any allegation in Mrs. Murphy's answer that because of changed conditions and circumstances relating to the best interests and welfare of the children, the Missouri custody decree should be modified. The import of our holding is not intended to detract in any way from what was said and decided in the above-cited cases. Because of the insufficiency of the answer, the district court committed no error in failing to hear evidence, and, under the circumstances, correctly concluded that full faith and credit should be given to the custody decree of the circuit court of Jackson county, Missouri.

The judgment sustaining Mr. Murphy's petition for writ of habeas corpus is affirmed.