*In re* A. P. HAMILTON, *Petitioner*.

No. 13,229.    ( 71 Pac. 817.)

HABEAS CORPUS—*Custody of Child*—*Res Judicata.* In a proceeding in *habeas corpus* where a controversy arises over the custody of a child, the real issue is one between private parties contesting a question of private right, in which there arises no question of personal liberty, and, in consequence, all matters in issue arising upon the same state of facts determined in a prior proceeding should be regarded as settled and concluded. However, where many facts appear to be presented by the record which may not have been presented to the judge at the former hearing, and where possibly other facts have occurred since the former hearing, this court will examine the entire matter.

Original proceeding in *habeas corpus.* Opinion filed March 7, 1903. Petition denied.

*Welch & Welch*, for petitioner.

*Bishop & Mitchell*, for respondents.

*Per Curiam:* This is an original proceeding by A. P. Hamilton to secure the custody of his infant daughter, Hazel Hamilton, a child five years of age, now in the custody of L. W. Hindman and Elizabeth Hindman, his wife, the father and mother of Lallah Hamilton, wife of petitioner, now probably incurably insane, and confined in the state hospital, in this city. This is the second application by petitioner for this writ. The former was made to Hon. C. A. Smart, judge of the district court of Douglas county, who, upon a full hearing, denied the writ, and entered the following order :

"*In re* Hazel Hamilton :

"Now, on this 31st day of December, 1901, this matter coming on for hearing before the undersigned, judge of the district court of Douglas county, at chambers, and the judge having heard the evidence and

argument of counsel, and being fully advised in the premises, doth deny the writ of *habeas corpus* herein applied for, and doth commit the said Hazel Hamilton, the minor child, to the care and custody of L. W. and Elizabeth Hindman. And it is further ordered that A. P. Hamilton, the petitioner herein, father of said Hazel Hamilton, be permitted at all reasonable times to visit said child in the home of said Hindmans and to communicate with her alone, and in every way to associate with her as a father and child, and that when he so visits said child he shall be treated with consideration and kindness by said Hindmans and family. Such visits must be made agreeable and pleasant to said father, and that while said child is in the home of said Hindmans they must refrain from in any way poisoning or prejudicing the mind of said child against her father, but in every way she must be taught to respect and love him.

C. A. SMART, *District Judge.*
At Chambers."

This proceeding was commenced on the 5th day of July, 1902. The petition, in addition to alleging the relationship and natural right of petitioner to the care, custody and control of his child, contains many charges against respondents, alleging their unfitness to have and retain the care, custody and control of the child. In their return, the respondents allege many grounds against petitioner as a suitable person to have the charge of his child, and also plead the former hearing and determination of the matter by Judge Smart as *res judicata*, to which return petitioner answers. Upon these issues a vast amount of testimony, covering a very wide range, has been taken. The whole matter is now submitted to us for our determination.

The first contention by counsel for respondents is that the prior determination of the controversy by Judge Smart precludes our consideration of the matter upon its merits, and upon this theory a motion

has been filed by respondents to dismiss this proceeding. After a careful examination of the authorities, we are inclined to the opinion that, in cases of this character, where the controversy arises over the custody of a child, the real issue is one between private parties contesting a question of private right, under the form of *habeas corpus* proceedings, in which there arises no question of personal liberty, and in consequence all matters in issue arising upon the same state of facts determined in the prior proceeding should be regarded as settled and concluded. (*State v. Bechdel*, 37 Minn. 360, 34 N. W. 334, 5 Am. St. Rep. 854; *In re Hammill*, 9 S. Dak. 390, 69 N. W. 577; *Mercein v. The People*, 25 Wend. 64, 35 Am. Dec. 653; Freem. Judgm., 4th ed., § 324; Church, Hab. Corp. § 387; *Du Bois v. Johnson*, 96 Ind. 6; *Weir v. Marley*, 99 Mo. 484, 6 L. R. A. 672.)

However, as many facts appear to be presented by the record which may not have been presented to the judge at the former hearing, and as there are possibly others which have arisen since the former hearing, we deem it best to deny the motion to dismiss and examine the entire matter. This we have done. In this examination we have read the entire evidence taken in the case. In so doing we have been actuated by a single motive, impressed with but one consideration, the welfare of the child, and that alone. The evidence upon most questions at issue we find intensely conflicting and utterly irreconcilable. We have not had the benefit of the presence of the witnesses before us, as did his honor, Judge Smart, at the former hearing. Hence, we cannot judge from their appearance and demeanor while testifying, but must resort to the cold facts as recorded.

Of one thing in this examination of the testimony

*In re* Hamilton.

we are convinced beyond all doubt—that is, the love of the grandmother for this child.   It was under her roof, in the presence of the terrible ordeal through which her own child passed, this child came into life. Through that sickness she nursed the mother and ministered to the wants of the child.    Much of the little one's life has been spent in that home.    Judging from the testimony, the child may there be deprived of many of the luxuries found in more pretentious homes, but in our judgment she will be more than compensated for this loss by the undoubted love and patient care of respondents, and, in all, lead a happier and perhaps a better life than in the custody of strangers, to whom, of necessity, she must be committed by the father, on account of her tender years and sex, during the insanity of his wife, her mother.

From these considerations, and the consideration of the entire record, we are of the opinion it is to the best interest of the child to deny this writ.

All the Justices concurring.