No. 22,723.

CHARLES A. WOODALL, *Appellee*, v. ULERY ALEXANDER et al.
(EVA MAY HEGARTY, Intervener, *Appellant*).

### SYLLABUS BY THE COURT.

DIVORCE—*Decree by Oklahoma Court—Custody of Minors—Jurisdiction of Kansas Court.* A decree in a divorce action in another state which awarded the custody of an infant child to the mother does not preclude a Kansas court of competent jurisdiction from afterwards making an order changing that custody, upon a sufficient showing of a change in the situation of the parties, or where the best interests and welfare of the child will be advanced thereby.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 6, 1920. Affirmed.

*Carr W. Taylor*, and *John H. Connaughton*, both of Hutchinson, for the appellant.

*J. S. Simmons*, and *Stuart Simmons*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit arose over the custody of a child.

Charles A. Woodall and the intervener were married and divorced in Oklahoma. In the action for the divorce the intervener was given the exclusive custody of the child in question, but the husband and father was given the right to see the child at all reasonable times. Later the original decree was modified by the trial court of Oklahoma, and the father was given the right to visit the child at reasonable intervals—

"Such visits to be made in the presence of the said plaintiff, Eva May Woodall, and when the said defendant is accompanied by some disinterested person, agreeable to both parties aforesaid to this action, and at such places as are agreeable to both said parties to be previously arranged by them in each instance."

Later the divorced wife moved to Hutchinson, Kan., and married Mr. Hegarty. The child was taken to Kansas, and thereafter the father was put to considerable trouble and expense in visiting it. The mother's situation was such that the child was in the custody of its maternal grandmother in

and near Hutchinson for periods of considerable duration, perhaps over half the time. At one time the father brought an action in the district court of Reno county to enforce his right to see and visit the child, and judgment was given in his favor.

The present action was brought by Woodall against the child's maternal grandmother and her husband to procure the unqualified custody of the child. The mother intervened. The trial court decreed that hereafter the mother should have the exclusive custody of the child and its maternal grandmother and her husband should have no direction, custody or control of it, nor should it be allowed to visit them except when accompanied by its mother; and that the father should have full right to visit the child at reasonable times, and—

"It is further ordered that the said father, at any time when the child is not in school or detained by other sufficient reasons, by giving bond in in the sum of $500, to be approved by the clerk of the district court of Reno county, Kansas, that he will return the child to the custody of said intervener, or in lieu thereof deposit with the clerk of the court $500 in cash or a certified bank check, payable to the order of said clerk of the district court of Reno county, Kansas, shall be allowed to take said child to the state of Oklahoma to visit him and his people for a period of time not to exceed two weeks, and not oftener than three times a year.

"It is further ordered by the court that the said intervener and the said defendants, and all of them, refrain from in any way speaking disrespectfully of the father of the child to the child or influencing or biasing, or attempting to influence or bias the mind of the child against his said father in any manner whatsoever.

"It is further ordered that this court retain jurisdiction of this cause for the purpose of seeing that the conditions of this order are carried out, and if they are not or if the good of the child demands it, to change the custody of the child."

The one assignment of error is based upon part of the decree which permitted the father to take the child to Oklahoma three times a year for two weeks at a time.

The judgments of the district court of Oklahoma were only *res judicata* as to the custody of the child so long as the situation of the parties was unchanged. (*In re King,* 66 Kan. 695, 696, 72 Pac. 263; *In re Hamilton,* 66 Kan. 754, 71 Pac. 817; *In re Petitt,* 84 Kan. 637, 643, 114 Pac. 1071; *Pinney v. Sulzen,* 91 Kan. 407, 414, 137 Pac. 987.) Moreover, the welfare of the child being the paramount consideration, the circumstances pertaining to its custody may always be inquired into, and any

order relating thereto may be made whenever the child's best interests so demand. Thus, in the analogous case of *In re Bort, Petitioner, etc.*, 25 Kan. 308, where the parents of two children had been divorced in Wisconsin and the custody of the children had been conferred upon their father by that court, it was held that the Wisconsin judgment, while binding the parents *inter sese*, did not preclude this court from changing the custody of the children from the father to the mother, and it was so decreed.

In this case the altered circumstances amply justified the scant relief accorded the plaintiff by the trial court. When the custody of the child was given to the mother by the Oklahoma court it was an infant a few months old. It was about five years of age when the present judgment was entered—an age when, if ever, it should enjoy the society of its father, with the ennobling influences which that society may quicken in both father and child. When the Oklahoma decree was entered the child was within that court's jurisdiction. Now it is altogether beyond that jurisdiction. Then the father could, without much if any expense, visit his child at any convenient interval; now he must make an extended and expensive journey into another state to gratify his natural affection by a sight of his child. It was shown that the father had a good home with his own parents, on a farm in Oklahoma, and the circumstances tended to show that periodical visits by the child to that home would advance its interests and welfare.

It is but a small concession which the judgment extends to the plaintiff, and that judgment contains no error—at least none of which the mother can rightfully complain.

The judgment is affirmed.