No. 39,478

In re Estate of Annie Bell Pardun, Deceased. (HENRIETTA CRANE, *Appellant*, v. E. K. BARRETT, Administrator, C. T. A., *Appellee.*)

(272 P. 2d 1051)

Opinion filed July 6, 1954.

*Marvin J. Martin*, of Wichita, argued the cause and *Leonard A. Levand* and *Richard D. Randall*, both of Wichita, were with him on the briefs for the appellant.

*Kay K. Arvin*, of Wichita, argued the cause and *Lester C. Arvin*, of Wichita, was with her on the briefs for the appellee.

The opinion of the court was delivered by

SMITH J.: This is an appeal from a judgment of the district court approving an order of the probate court, refusing to appoint a commissioner to make an election as to whether an incompetent spouse should take under his deceased wife's will or under the statute.

William A. Pardun was declared incompetent in September, 1952. Prior to that time his wife executed a codicil to her will. She died on August 31, 1952. Her will was offered for probate on September 8, 1952. She left surviving Pardun, her only heir. He had not consented to this codicil. On October 14, 1952, her will and codicil were admitted to probate. On October 15, 1952, the probate judge transmitted to Pardun a letter, as provided by G. S. 1949, 59-2233, advising him of the provision of G. S. 1949, 59-603, and 59-2233, and that since he had not consented to his

wife's will he had a right to make an election as to whether he wished to take under the will or pursuant to the statute and that if he did not elect to take under the statute he would be presumed to have elected to take under the will. Pardun died on December 22, 1952.

On May 26, 1953, a petition asking for the appointment of a commissioner to ascertain the value of the provision made by the will in lieu of the rights in the estate, secured by statute, and the value of the rights secured by statute and to make an election on behalf of an incompetent spouse, was filed by an heir of Pardun. The probate court held that the right to have such a commissioner appointed pursuant to G. S. 1949, 59-2234, did not survive the deceased incompetent person and the petition should be denied. On appeal to the district court it held the election was for the benefit of the surviving spouse and his death terminated the necessity for such an election. The petitioner has appealed to this court. Her notice of appeal stated she appealed from the judgment of the district court whereby it was adjudged that the order of the probate court refusing to appoint a commissioner be affirmed and that the probate court be not required to make an election.

The specifications of error are:

"1. The court erred in entering judgment for the respondents and against the appellant.

"2. The court erred in refusing to grant appellant's motion for a new trial."

The appellees filed in this court a motion to dismiss the appeal on account of the failure of the appellant to comply with Rule 5 of this court. That rule states:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered."

(See 172 Kan. XI, and G. S. 1949, 60-3826.)

As to the first specification, we have held many times that to specify simply, the trial court erred in rendering judgment for one party and against another, presented nothing for review. (See *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553, and cases there cited.)

As to the second specification, that the trial court erred in refusing to grant appellant's motion for a new trial, attention is called to the fact that the record consisted entirely of the pleadings filed in the probate court. There was no evidence and no issue of facts was raised. The sole question decided was a question of law. "A new

trial is a reëxamination in the same court of an issue of fact." (See G. S. 1949, 60-3001.)

Under the circumstances this specification presents nothing for review. (See *Hamilton v. Binger,* supra, and cases cited.)

It follows the motion of appellee to dismiss the appeal is good. The appeal is dismissed.