No. 39,776

In the Matter of the Application of ALBERT C. THOMPSON, For a Writ of Habeas Corpus for PATRICIA ANN THOMPSON, His Minor Daughter, *Appellee*, v. JEANETTE K. (THOMPSON) BREEDING and DAVID L. BREEDING, *Appellants*.

(282 P. 2d 440)

Opinion filed April 19, 1955.

*Leonard W. Pipkin, Jr.,* of Topeka, argued the cause, and *George A. Scott, Jack A. Quinlan,* and *Bill D. Strange,* all of Topeka, were with him on the brief for the appellants.

*O. F. Baldwin,* of Topeka, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding for a writ of habeas corpus commenced on November 29, 1954, in the district court to obtain custody of a minor child under circumstances later mentioned. The trial court granted the writ and respondents have appealed.

The substance of the petitioner's allegations was that he was the

father of Patricia Ann Thompson, two years of age and that she was unlawfully detained by Jeanette K. Thompson (now Mrs. David Breeding) in Shawnee county under her claim that she was the natural mother of the child and entitled to its care, custody and control; that the imprisonment (detention) was illegal; that petitioner was the natural father of the child; that under a decree of the Chancery Court of Harrison County, Mississippi, made May 20, 1953, as modified by a decree of the same court made May 25, 1954, and still in force he was granted the exclusive care, custody and control of said child for a period of six months commencing November 26, 1954, and that in contempt of that order Jeanette K. Thompson (now Mrs. David Breeding) and David Breeding had refused to return the child and still refused to do so; that petitioner had requested the child be given him, and requested of David Breeding the whereabouts of Jeanette K. Thompson and the child; that David Breeding would not disclose the whereabouts of the child and mother and aided and abetted the unlawful restraint of the child and he prayed that the writ issue and the child be returned to his custody. Attached to the application for the writ were copies of the above mentioned decrees.

On the same day the proceeding was commenced, the district court granted the writ and directed the respondents Breeding to have the child before it on November 29, 1954, at 2:00 P. M. for consideration and order concerning the child.

The record as abstracted does not disclose that respondents filed any pleading nor that any continuance was had but it does disclose that on December 1, 1954, the matter came on for hearing, the petitioner appearing by his attorney and the respondents appearing in person and by their attorney; that testimony was heard, and that the trial court, after examining the pleadings, the authenticated copies of the decrees of the Chancery Court of Harrison County, Mississippi, and the evidence, concluded that petitioner should have custody of his child and that the Breedings should relinquish custody and control of the child to its paternal grandmother, acting as petitioner's agent, for the purpose of escorting the child to petitioner's home in Gulfport, Mississippi, and it entered judgment accordingly. On the same day the respondents perfected an appeal to this court and on their application this court made an order staying execution of the judgment of the trial court until the further order of this court.

Appellants specify as error that the trial court erred in not per-

mitting them to introduce evidence concerning the welfare of the child, and in rendering judgment in favor of the petitioner.

Strictly speaking it may be doubted there is anything before us for review. Insofar as exclusion of evidence is concerned there was no motion for a new trial and the excluded evidence, whatever it might be, was never brought before the trial court as required by G. S. 1949, 60-3004. In the absence of a motion for a new trial rulings on the exclusion of evidence cannot be considered on appeal (see e. g., *Billups v. American Surety Co.*, 173 Kan. 646, 251 P. 2d 237, and authorities cited therein). Insofar as the judgment is concerned the only error specified is that the trial court erred in rendering judgment "for the Plaintiff and against the Defendant." In *In re Estate of Pardun*, 176 Kan. 658, 272 P. 2d 1051, we held that a specification of error that the trial court erred in entering judgment for the respondents and against the appellants presented nothing for review, citing in support *Hamilton v. Binger*, 162 Kan. 415, 176 P. 2d 553, and cases there cited.

Notwithstanding the above rules we have examined the record in view of appellants' complaints. Duly authenticated copies of the decrees and judgments rendered by the Chancery Court of Harrison County, Mississippi, were offered in evidence. They disclose that on May 20, 1953, in an action by Jeanette K. Thompson against Albert Thompson she was held entitled to a divorce and a judgment was rendered cancelling the bonds of matrimony and the custody of the minor child, Patricia Ann Thompson, was given to the father to be kept at the home of his mother, with the right of the child's mother to have her custody at stated periods, and that on May 25, 1954, the former decree was modified to provide that the child's mother have custody for alternate six month periods beginning May 26, 1954, and for the father to have custody for alternate periods of six months beginning six months after the beginning of the first period of custody of the mother. Other provisions for support and reasonable visitation periods, etc., need not be noticed. At the hearing the trial court, having read the above decrees and judgments, in the course of colloquy with counsel for both parties, stated the only evidence that would be received would be that showing why the Mississippi decree should be set aside. After further colloquy with appellants' counsel concerning the law as to the best interests of the child, counsel stated he thought he should be able to put in evidence on that point and

the court replied: "I am not denying you that right". The trial proceeded but a careful perusal of the record as abstracted fails to disclose that appellants offered any evidence whatever as to the fitness of the appellee petitioner to have custody, that there had been any change in circumstances of the child or its surroundings, or any other testimony tending to show any reason why the Mississippi judgment should not be given effect. As indicated above there was no motion for a new trial and we are wholly unadvised as to what the evidence was which appellants believe was wrongfully excluded.

The argument that the trial court erred in its judgment is next noticed. Appellants direct our attention to decisions from other jurisdictions that a decree of a foreign jurisdiction awarding custody of a minor child need not be enforced in another state where a change has taken place in the circumstances which would warrant a re-opening of the matter; state that under *In re Bort*, 25 Kan. 308, and *Wear v. Wear*, 130 Kan. 205, 224, 285 Pac. 606, the state in its relation of *parens patriae* looks to the welfare of the child and for that purpose former adjudications are evidentiary only and not controlling; and that under our decision in *Kogler v. Kogler*, 163 Kan. 62, 179 P. 2d 940, it is a settled rule that whether the court changes the custody of a child from one parent to another, when they have been divorced, rests in sound judicial discretion in view of all the facts and circumstances shown by the evidence, and say that in the instant case, if the trial court had heard testimony as to what was for the best interest of the child, custody would not have been given to the father and therefore the trial court erred in giving him custody.

Appellants' contention cannot be sustained. Without pausing to discuss the correctness of the premise, the argument recognizes there must be a showing of change of circumstances and here there was no evidence there was any change. Extensive analysis of *Wear v. Wear*, supra, is not necessary nor need we point out distinctions in the factual situation. It was there recognized that our policy is to give a foreign divorce decree the same effect, insofar as it may be done, as though it had been rendered in this state; that in a habeas corpus case brought by one parent against another for custody of their child the court has before it the question of the rights of the parents as between themselves and also, *if presented by the pleadings and the evidence*, the question

of the interest which the state, as *parens patriae,* has to promote the best interests of the child, and, pointing out that the respondent offered no evidence that the mother was not a proper person to have custody, or that it was for the best interest of the child that it remain with the respondent, or that there was any changed condition since the time of the foreign decree, it affirmed the judgment of the trial court awarding custody to the mother to whom it had been awarded in the foreign jurisdiction. That case does not sustain the appellants' contention.

No error has been made to appear and the judgment of the trial court is affirmed.

As has been noted above, on December 1, 1954, this court stayed execution of the judgment of the trial court. That stay is set aside effective as of the date when the mandate of this court shall be filed with the clerk of the district court of Shawnee county.

The time in which a motion for a rehearing may be filed is within seven days after this opinion is filed in this court.