No. 41,575

JAMES R. HANNON, *Appellee*, v. RILLA HANNON, *Appellant*.

(350 P. 2d 26)

Opinion filed March 5, 1960.

*Walter F. McGinnis*, of El Dorado, argued the cause, and *Allyn M. McGinnis*, of El Dorado, was with him on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal involves the custody of the minor child of divorced parents.

From a rather confusing record, the facts appear to be substantially as follow:

On March 27, 1957, in the district court of Butler county, plaintiff father was granted a divorce from the mother. The decree pro-

vided that he should have custody and control of their four-year-old son. Notwithstanding this order, it appears the mother kept the child in her custody until July, 1957, at which time the father took the child and refused to allow the mother to see it except at her parents' home upon week ends. Beginning in August, 1958, the father refused to allow the mother to see the child, and on December 2, 1958, the mother filed a motion for partial custody. At the time of the hearing on this motion, December 2, 1958, we are told that the child was being cared for by the father's mother and another woman at the grandmother's home in Augusta. At the conclusion of the hearing the court modified its former order by granting to the mother visitation rights of three hours on a Sunday afternoon once a month. No journal entry covering this hearing was filed. We are told that the mother exercised visitation rights on December 6, 1958, and again on January 4, 1959, and that thereafter the father kept the child away from the mother.

On February 24, 1959, the mother filed a motion to set aside the order of December 2, 1958, on the ground that it was procured through fraud and corruption on the part of the father, and that she had recently discovered new evidence concerning the father which was unknown to her at the time the previous order was made. There appears to be some dispute concerning proper notice to counsel of the hearing of the last-mentioned motion, but, be that as it may, the motion was heard on February 27, 1959, at which time considerable evidence was introduced concerning the matters in controversy.

At the conclusion of the hearing the court revoked its previous orders granting custody to the father and ordered that temporary custody—until the matter could finally and completely be adjudicated—be given to the mother's mother, with rights of visitation by both parents at all reasonable times.

Shortly thereafter the father filed two motions seeking to set aside the order of February 27, 1959, alleging that he had no notice of the hearing, and that because of the fact he at the time was a resident of Oklahoma, at which place the child was living with him, the court was without jurisdiction to make the order in question.

These motions were heard on March 18, 1959, and evidence was introduced in support of the father's contention that he had for some time been domiciled in Oklahoma, and that the child had been living there with him. At the conclusion of this hearing the

court found that the father was and had been since January, 1959, a resident of and domiciled in Enid, Oklahoma, and that the child had resided with him at that place during such period, and ruled, therefore, that the custody order of February 27, 1959, was null and void for the reason the court had no jurisdiction of the father or minor child.

The mother has appealed from that order.

From the record before us it is apparent that the trial court was at all times making a conscientious effort to make the best of a very bad situation brought about by the parties—and particularly the father—and sought to do that which appeared to be for the best interest of the child. It appears that its order of March 18, 1959, setting aside the previous custody order of February 27, was based chiefly on the fact that at such time the father and child were domiciled in Oklahoma, and that under the rule of *Leach v. Leach*, 184 Kan. 335, 336 P. 2d 425, the court was without jurisdiction to make the order in question.

The gist of the holding in the Leach case, which followed *Kruse v. Kruse*, 150 Kan. 946, 96 P. 2d 849, is that where, in a divorce proceeding, custody of a minor child is given to one of the parents, and later such parent leaves the state with the child and establishes a domicile in another state, the domicile of the child is the domicile of such parent, and the court which granted the divorce and made the custody order no longer retains jurisdiction to modify or change the custody of the child. See also *Wear v. Wear*, 130 Kan. 205, 285 Pac. 606, 72 A. L. R. 425, where, at page 222, it was said:

"The domicile of a minor child of the parties is that of the one of them with whom it lives, or who, by a competent court, has been given its custody."

Further discussion of the scrambled and highly regrettable custody status of this child is deemed unnecessary. Depending upon what the present or future facts may be, some court of competent jurisdiction will be able to provide for its welfare and custody. In the matter before us there was evidence to support the trial court's finding that at the time in question the father and child were domiciled in Oklahoma, and, under the rule, its conclusion as to lack of jurisdiction to make the previous custody order was correct. Appellant mother has not sustained the burden of establishing error, and the judgment is therefore affirmed.