No. 42,330

Arthur Love and Rose Ann Love, *Appellees,* v. Henry Love, *Appellant.*

(360 P. 2d 1061)

Opinion filed April 8, 1961.

*Douglas Gleason,* of Ottawa, argued the cause, and *Thomas E. Gleason* and *Jules V. Doty,* both of Ottawa, and *Hollis B. Logan,* of Topeka, were with him on the briefs for appellant.

*Robert P. Anderson,* of Overland Park, argued the cause, and *Howard E. Payne, W. C. Jones* and *H. Thomas Payne,* of Olathe, were with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: The petitioners, Arthur Love and Rose Ann Love, who are husband and wife, filed a verified application for a writ of habeas corpus in the district court of Johnson County, Kansas, to obtain custody of their three minor children, ages five, three and two years. They alleged that the appellant-respondent, Henry Love, who is the uncle of Arthur Love, was unlawfully detaining the minor children against the wishes of the petitioners. The district court granted the writ and ordered the minor children discharged to the custody of the petitioners. The respondent has appealed.

A brief résumé of the facts follows: In August, 1959, the respondent went to Oklahoma City, Oklahoma, at the request of the petitioners who were in the custody of the sheriff of Oklahoma County, Oklahoma. Their three minor children were in the Children's Shelter in Oklahoma City. The petitioners were charged with forgeries in Oklahoma County, and other jurisdictions had placed hold orders on them because of similar offenses. The respondent agreed to assume responsibility of the three minor children. On October 14, 1959, the Children's Court of Oklahoma County entered its order finding that the children were neglected by their parents and awarded custody of them to the respondent who took the children to his home near Tonganoxie, in Leavenworth County, where he and his wife cared for them. The respondent abated all the petitioners' forged checks then the subject of prosecution in Oklahoma and those on which the hold orders in other jurisdictions were based. He also secured the petitioners release and brought them back to Kansas where they lived with the respondent and his wife for a short time, after which the respondent rented a home for them in Bonner Springs in Wyandotte County. However, the children remained with the respondent and his wife. Later the petitioners moved to Johnson County where they now reside.

On May 3, 1960, at the request of the petitioners, and while the children were in the respondent's custody and residing in his home in Leavenworth County, the Children's Court in Oklahoma County entered an order that the three minor children be returned to their parents and "authorized and directed" the respondent and his wife "to release said children from their custody and place them in the custody of their parents, (petitioners), forthwith upon receipt of a certified copy of this Order." The respondent was not served with a copy of that order.

On June 10, 1960, petitioners commenced this proceeding and alleged that, among other things, the respondent lived in Leavenworth County where he unlawfully and forcibly detained the minor children in his home contrary to law and the wishes of the petitioners. A writ of habeas corpus was issued to the respondent by the judge of the district court of Johnson County commanding him to have the bodies of the three minor children in his chambers in Olathe, Kansas, on June 13, 1960, at 1:30 p. m. and then and there abide the writ. The sheriff of Johnson County served the writ upon the respondent while he was temporarily present in Johnson County transacting personal business.

On June 13, 1960, the respondent appeared by counsel for the purpose of moving the court for a continuance. The motion was allowed and the hearing continued until June 21, 1960. On that date the respondent appeared with counsel and moved to discharge the writ and to dismiss the proceedings upon the ground that the district court of Johnson County was without jurisdiction to compel the respondent to bring the minor children then domiciled in Leavenworth County to Johnson County and within its jurisdictional limits and there to be subject to the direction and order of that district court. That motion was overruled, and over the respondent's objection, the court ordered him to produce the minor children forthwith. The record indicates there was an understanding between the court and counsel that the respondent's compliance with the order to produce the minor children would in no wise constitute a waiver of his right to challenge the jurisdiction of the district court on appeal. The respondent produced the minor children and at the conclusion of the hearing, the district court ordered that they be released from respondent's custody and discharged to the custody of the petitioners.

The principal question presented is the jurisdiction of the district courts of the state, and of the judges thereof, to issue writs of habeas corpus in child custody cases and to hold proceedings on those writs.

The respondent contends that a habeas corpus proceeding involving the custody of minor children is in the nature of an action *in rem;* that the children themselves are the thing concerned in the writ, and that an action *in rem* can only be brought where the thing is, the children being the res. He asserts that the jurisdiction and venue of district courts in this state to issue writs of habeas corpus is limited to the territorial confines of the particular judicial district where the alleged illegal detention occurs, and argues that the district court of Johnson County had no power or authority to issue a writ to a person outside its district, commanding such person to bring into its district the person alleged to be detained, and maintains that the service of the writ upon him in Johnson County was a nullity.

The question of jurisdiction really turns on a question of venue, for it is not contended that the district court of Johnson County does not have jurisdiction of habeas corpus matters. For the purpose of determining this question we accept as true the allegation of the application for the writ, namely, that the respondent and the

three minor children were residents of Leavenworth County which comprises the First Judicial District of the state and outside the Tenth Judicial District which comprises only Johnson County. The question, therefore, is: Can the venue be laid in Johnson County so as to give the judge of the district court of the Tenth Judicial District jurisdiction to entertain the application, issue the writ and conduct the proceeding, where service of the writ was had upon the respondent when he was temporarily present in Johnson County? If this question be determined adverse to the petitioners, it will then be necessary that the minor children be ordered surrendered by the petitioners and returned to the respondent's home in Leavenworth County where he offers to accept immediate service of process of a similar nature in the district court of that judicial district.

The question of the venue of a habeas corpus proceeding is one upon which the code of civil procedure is not silent. It provides (G. S. 1949, 60-2204) that writs of habeas corpus may be granted "by any court of record" in termtime, or by "a judge of any such court." While the code does not expressly provide that an application for a writ of habeas corpus shall be brought in the court of the county where the person is alleged to be detained (G. S. 1949, Ch. 60, Art. 22), the general rule is that a court has no authority to issue a writ of habeas corpus directed to a person detained outside its territorial jurisdiction, and that the application must be made in the judicial district where the alleged detention occurs (25 Am. Jur., Habeas Corpus, §§ 78, 106, pp. 202, 222; 39 C. J. S., Habeas Corpus, § 71, p. 617).

Almost sixty years ago this court had occasion to pass upon this question in *In re Jewett*, 69 Kan. 830, 77 P. 567, where it was held:

"The remedy sought in a proceeding in *habeas corpus* is a civil one, and, hence, judges of district courts have no power to direct the issuance of the writ to a person outside of their districts, commanding him to bring into their districts the body of one detained outside thereof." (Syl. ¶ 5.)

In the opinion, after stating that a writ of habeas corpus is a remedy which the law gives for the enforcement of the civil right of personal liberty and that its purpose is to inquire into the cause of the restraint *of the person alleged to be illegally detained* and to deliver therefrom, if illegal, it was said:

"We feel satisfied that Judge Sheldon had no jurisdiction to direct the issuance of the writ to run outside his district, and that its service upon the petitioner outside such district gave the judge no jurisdiction of the petitioner. . . ." (l. c. 840.)

The question has since been considered in *Phillips v. Hand,* 183 Kan. 588, 331 P. 2d 291, where it was said:

". . . Under our state constitution as explained in the Jewett case, a district court has no jurisdiction in habeas corpus over persons outside of its own district." (l. c. 588.)

See, also, *State v. Chance,* 187 Kan. 27, 28, 253 P. 2d 516, where the rule was reaffirmed and applied.

While the petitioners concede the force and effect of our decisions, they argue that the Jewett case, *supra,* does not decide the question presented since the writ in that case was served outside the judicial confines of the district, and contend that the district court of Johnson County, or any other district court in the state, possessed jurisdiction of the subject matter of their application for habeas corpus and all that was necessary for it to make a valid adjudication of the issues was to secure personal jurisdiction over the detainer, the respondent, which was obtained when the sheriff personally served the writ upon him in Johnson County. We are not persuaded the contention is meritorious. In a child custody case a proceeding in habeas corpus is in the nature of a proceeding *in rem* (25 Am. Jur., Habeas Corpus, § 78, p. 202), and the application for a writ must be brought in the judicial district where the alleged detention occurs. As is noted, we do not have the question of the venue of such a proceeding in a judicial district which comprises more than one county.

The validity of the process of the district court of Johnson County was dependent upon its power to direct the issuance of the writ commanding the respondent to bring into its district the bodies of the minor children detained outside thereof. In the Jewett case, *supra,* it was held that district courts have no power or authority to do so. Hence, on the basis of the petitioners' verified application the district court of Johnson County had no authority to entertain the application, issue the writ, or conduct the proceedings, and service of the writ upon the respondent while he was temporarily present in Johnson County transacting personal business was a nullity.

Having no jurisdiction to issue the writ of habeas corpus in the instant case, the district court of Johnson County was without authority to order that the minor children be released from the respondent's custody and discharged to the custody of the petitioners after the children were produced by the respondent over his objection. It is unnecessary that we here consider the validity of the

order of the Children's Court of Oklahoma County entered on May 3, 1960, but see *Leach v. Leach,* 184 Kan. 335, 336 P. 2d 425; *Niccum v. Lawrence,* 186 Kan. 223, 350 P. 2d 133, and *Hannon v. Hannon,* 186 Kan. 231, 350 P. 2d 26.

The judgment is reversed and the district court is directed to issue its order to the sheriff of Johnson County to cause the minor children to be placed in the custody of the respondent in his home in Leavenworth County where he offers to accept immediate service of process of a similar nature in the district court of Leavenworth County.

It is so ordered.