No. 42,425

CAROLYN TOMPKINS, *Appellant*, v. FREDERICK A. GARLOCK, *Appellee.*

(370 P. 2d 131)

Opinion filed April 7, 1962.

*Robert P. Anderson,* of Overland Park, argued the cause, *Howard E. Payne, W. C. Jones* and *H. Thomas Payne,* all of Overland Park, were with him on the brief for the appellant.

*Robert H. Bingham,* of Kansas City, argued the cause, *J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Richard Millsap* and *Ervin G. Johnston,* all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a habeas corpus action by a mother, who was previously given the custody of her four minor children by a foreign divorce decree, from the decision of the district court of Johnson County, Kansas, changing custody of the two oldest children to the father.

The question presented is whether the trial court had jurisdiction to change custody.

The parties formerly lived in Texas where the father was finishing medical training. They had four children who were at the time of trial in this action 11, 8, 6 and 5 years of age. In 1958 the father filed an action for divorce in Ft. Worth, Texas, and on the 17th day of July of that year the Texas court granted the mother a divorce on her cross petition. It also granted her the custody of the four children. On this point the Texas decree reads:

"(b) That the defendant be, and she is hereby, awarded the care, custody and control of said minor children during 10 months of each year hereafter, with the exception of ½ of the yearly Christmas holidays, and that the plaintiff be awarded the care, custody and control of said named minor children two months yearly during the summer school vacation, and ½ of the Christmas holidays each year hereafter."

The decree further ordered the father to pay child support in the sum of $160 per month until the youngest child shall have reached the age of 18 years, "with the exception that the plaintiff shall not make such payments during the time said children are in his custody."

Following the Texas divorce both parties left that state, the mother went to Maryland and the father to Oklahoma and later to Kansas in Johnson County. At the time of the hearing both parties had remarried, the mother, now Carolyn Tompkins, lives in Bellevue, Washington, near Seattle, and has the two youngest children with her at that place.

On the 22nd day of June, 1960, at the end of the school term, the father assumed his summer custody of the two oldest children, taking them from Maryland where the mother and all of the children then resided, and brought them to Prairie Village in Johnson County, Kansas. By the end of the two-month period, during which the father was entitled to the children's custody under the Texas divorce decree, the mother and her husband had moved to the state of Washington. The father refused to return the two children and enrolled them in school at Prairie Village.

On the 20th day of September, 1960, the mother filed her application for a writ of habeas corpus in which she alleged that she "has requested and demanded respondent obey the order of the court but the respondent has failed, neglected and refused to so comply, is in defiance of the said Texas court order and restrains said children at 5408 West 71st Street, Prairie Village, in Johnson County, Kansas, where respondent resides, all without just cause or pretense of a legal right to do so." She further alleged:

"That said restraint imposed by the respondent upon the liberties of the said children and the rights of the applicant to their custody is illegal, without right and is in open violation of the terms and provisions of the said order of the Tarrant County, Texas District Court, said order being a valid subsisting and unmodified decree and determination of the custody rights of applicant and respondent and entitled to full faith and credit and enforcement herein."

Hearing on the mother's application was set for the 26th day of September, 1960, at which time the father appeared and filed a pleading in the nature of an answer and cross petition designating it "Response to Application for Writ of Habeas Corpus." In his response the father admitted that he assumed the summer custody of the two oldest children, and that he did not return the said children to the custody of the mother for the reason that it was to the best interests of said minor children to remain in his home. He further alleged:

"4. That the petitioner herein violated the terms and provisions of the decree of divorce entered by the Tarrant County District Court in that she failed and refused to permit respondent to have custody of the minor children

for the Christmas holiday period of 1959, and further refused to permit respondent to have custody of the two youngest children of petitioner and respondent during the summer of 1960.

"5. That respondent specifically denies that he or anyone in his behalf has placed any restraint upon the liberties of the two children herein involved and further denies that the decree of divorce alluded to in the application herein filed is entitled to full faith and credit or enforcement herein.

"6. For further answer, respondent states that by reason of change in conditions the petitioner herein is not a fit and proper person to have the care, custody and control of the minor children of petitioner and respondent, but that respondent is a fit and proper person to have the care, and control of all of the minor children of said petitioner and respondent."

He further alleged the two oldest children were residing with and domiciled at his home in Johnson County, Kansas; that the court had jurisdiction of the parties and the two minor children who were residing within the jurisdiction of the court; and that the court had jurisdiction to award him the custody, control and maintenance of said minor children.

In his prayer the father requested the writ of habeas corpus be quashed and denied; that he be given the care, custody and control of the four minor children; and that the mother be required to give the physical custody of the two youngest children to him.

At the trial both parties appeared personally. At that time the mother by motion attempted to challenge the court's jurisdiction to proceed upon the father's motion for affirmative relief, and requested the court to confine the issue to the enforcement of the Texas decree. In support of her motion the mother argued that the father had made no attempt to challenge the validity of the Texas decree; that the presence of the two oldest children in Kansas was in the nature of a visitation; and that they were in Kansas at the time of the hearing only because the father had taken it upon himself to extralegally hold the two oldest children in Kansas in violation of the terms of the Texas decree.

The mother's motion was overruled, and the trial court's jurisdiction to proceed on the father's request for affirmative relief was continually challenged at all appropriate times and again upon the motion for a new trial.

The trial court found that the two oldest children were at the time of trial domiciled in Johnson County, Kansas, and that they were within the jurisdiction of the court. It further found that it was in the best interest and welfare of said minor children that their custody be changed from the mother to the father, subject to

rights of visitation which were specifically spelled out, and further conditioned upon the requirement that the mother give a bond to insure that she would comply with the order of the court. The mother's writ was denied and she has duly perfected an appeal.

The application for the writ of habeas corpus herein was designed only to test the immediate right to possession of the two oldest minor children held by the appellee. Upon the filing of the action the trial court acquired jurisdiction over the appellee by service of process. He was required to bring the children before the court at the time set for hearing. The parties personally appeared before the court and it had jurisdiction to determine the immediate right to the possession of these two children. (See, *Price v. Price*, 187 Kan. 292, 356 P. 2d 1013.) The application for the writ itself did not open the door for the modification of any prior award of custody on a showing of changed circumstances.

Inferentially the response filed herein admitted the Texas divorce decree which was incorporated in the application for the writ. The question presented is whether the trial court had jurisdiction to go beyond the application for the writ filed herein to determine the matter of custody raised by the appellee in his response to the application for the writ.

Jurisdiction of the subject matter of child custody depends upon whether or not the children in question were in fact domiciled in the state of Kansas at the time of the commencement of the action below. This the appellee concedes. The matter therefore resolves into an inquiry concerning the legal domicile of the children at the time this action was commenced.

In the field of conflict of laws the perplexing problem of the jurisdiction of various Kansas courts to determine child custody matters has been before the court in a number of recent decisions. Domicile of the child was held to be the controlling jurisdictional factor in *Leach v. Leach*, 184 Kan. 335, 336 P. 2d 425; *Hannon v. Hannon*, 186 Kan. 231, 350 P. 2d 26; and *Niccum v. Lawrence*, 186 Kan. 223, 350 P. 2d 133. These cases follow the older case of *Kruse v. Kruse*, 150 Kan. 946, 96 P. 2d 849, which adopts and quotes 2 Beale, Conflict of Laws, § 144.3, which reads in part:

"Since custody of a child by one parent carries with it domicil and a domestic status, jurisdiction to give the child to one parent or the other depends in principle on the domicil of the child; and a state which is the temporary residence of the child, not the domicil, cannot confer the right to custody. A

*fortiori* a decree for custody rendered in a state where the child is neither resident nor domiciled is void for lack of jurisdiction.

". . . If after a divorce the party to whom custody was given removes with the child to another state, this would seem to give the second state jurisdiction over the custody, and put an end to the jurisdiction of the first state; for after the divorce each party may change domicil at will, and the child's domicil changes with that of the parent in whose custody he has been placed. . . ." (pp. 717, 718.)

The most recent cases in which domicile of the child or children was held to prevail are *Robben v. Robben*, 188 Kan. 217, 362 P. 2d 29; and *Love v. Love*, 188 Kan. 185, 360 P. 2d 1061.

Here the mother at the commencement of the action below was domiciled in the state of Washington where she then resided with her husband and the other two minor children not involved in this appeal. At the time the father took the children for the summer custody for the period of sixty days the mother was domiciled in the state of Maryland. The mother was never a resident of Kansas. She came to Kansas for the sole purpose of appearing in court in support of her application for a writ of habeas corpus.

The father in his response to the application for a writ admitted that he did not return the two oldest children to the mother at the end of the sixty-day period authorized by the Texas divorce decree in the summer of 1960. His right to the possession of these children therefore expired, and he was unlawfully and illegally detaining them. When the mother filed her petition she was rightfully entitled to these children under the Texas decree. At that time the children's domicile was the domicile of the mother. (See, *Robben v. Robben*, supra; and *Niccum v. Lawrence*, supra.) Under these circumstances the trial court had no jurisdiction to consider the affirmative relief sought by the father. It should have granted the appellant's writ upon the force of the Texas decree which disclosed that it had no further jurisdiction to delve into the matter of child custody which the appellee sought to have modified.

The judgment of the lower court is reversed with directions to grant the writ.

SCHROEDER, J., dissenting: An important conflict of laws question in child custody cases is presented for decision upon the facts herein. If the court intends to make the child's domicile the exclusive consideration for the determination of state jurisdiction in child custody matters, it should frankly say so and overrule all decisions inconsistent therewith.

Until this decision a thread of consistency could be found in the cases previously decided, despite the language used assigning the reasons in some of the decisions. (See, 10 Kan. L. Rev. 221, "Child Custody and the Conflict of Laws.") The pivotal case of *Kruse v. Kruse*, 150 Kan. 946, 96 P. 2d 849, indicates the dual approach the Kansas court has heretofore taken to determine jurisdiction in child custody matters. (See, 5 Kan. L. Rev. 77, "Full Faith and Credit to Child Custody Awards.") Following the *Kruse* case *Leach v. Leach*, 184 Kan. 335, 336 P. 2d 425, and cases which follow its reasoning rely upon 2 Beale, Conflict of Laws, § 144.3, quoted in *Kruse*, which indicates that a child's domicile changes with that of the parent in whose custody it has been placed, and jurisdiction to give the custody of the child to one parent or the other is controlled by the domicile of the child.

The *Kruse* case also quotes 2 Beale, Conflict of Laws, § 147.1, and points to the fact that the question of jurisdiction in this class of cases received careful consideration in *Wear v. Wear*, 130 Kan. 205, 285 Pac. 606, 72 A. L. R. 425, which is commonly regarded as establishing the Kansas Rule. (See, Ehrenzweig, Conflict of Laws, Part One, § 87, pp. 281, 284, discussing the Kansas Rule relating to foreign custody decrees.)

Ehrenzweig argues that in the custody area concepts of full faith and credit and domicile are particularly unworkable and although courts use traditional domicile-res language, many have taken the earlier Kansas position that the state under its power as *parens patriae* may always do what is best for the child. He cites the *Wear* case as establishing the Kansas Rule. The problem is well presented and discussed in 1 Kan. L. Rev. 165, "Child Custody," by Quintin Johnstone.

In *Wear v. Wear*, supra, after reviewing numerous authorities, it was said in the opinion:

". . . in this state, and under our statutes as they now exist, a judgment and decree in an action for divorce rendered by the court of another state shall be given the same force as if rendered by a court of this state, 'and shall, as to the status of all persons, be treated and considered and given force the same as a judgment of the courts of this state of the date which said judgment bears.'

"However, the jurisdiction of the trial court in this proceeding to determine what disposition should be made of the child between the petitioner, on the one hand, and the respondent, on the other, did not depend on the domicile of the child, nor on the domicile of either of its parents. (*Finley v. Finley*, 240 N. Y. 429.) The disposition of a child in a case such as this should depend on the law of the place where the child is found rather than the law of the place

from whence it came. In a habeas corpus proceeding between parents for the custody of the child the rights of the parents are to be considered, but the interest of the state, in its position as *parens patriae* to all minors within its jurisdiction, is ever present. As between the parents themselves, they may be bound by a former adjudication (see *Avery v. Avery,* 33 Kan. 1, 6, 5 Pac. 418; *In re Hamilton,* 66 Kan. 754, 71 Pac. 817), but the state, in its relation of *parens patriae,* looks to the welfare of the child at the time the inquiry is being made, and for that purpose former adjudications between parents is evidenciary only and not controlling. . . ." (p. 224.)

Decisions following the *Wear* case are indicated by *White v. White,* 160 Kan. 32, 159 P. 2d 461; *Moloney v. Moloney,* 167 Kan. 444, 206 P. 2d 1076; and *In re Thompson,* 178 Kan. 1, 282 P. 2d 440; and see, *Price v. Price,* 187 Kan. 292, 356 P. 2d 1013.

It must be recognized in the *Price* case that the father had custody of the child under a Delaware decree and the mother surreptitiously removed the child from the state of Delaware and brought it to Kansas. In the father's action for a writ of habeas corpus in Kansas the mother did not assert the child's domicile, which was that of the father in Delaware, as a controlling jurisdictional factor. This would not have been to her advantage in seeking affirmative relief on the ground of changed conditions. Neither does it appear that the father asserted the child's domicile as a controlling factor to defeat the mother in the trial court. Both parties relied upon *Wear v. Wear,* supra, for determination of the issue confronting the trial court. The father prevailed and was granted a writ, and on appeal the mother (appellant) *conceded the father was entitled to custody of the child,* which was the ultimate issue before the trial court under the pleadings. All she sought on appeal was *modification of visitation rights.* On this point it was held the trial court properly refrained from making any orders relating to the visitation rights of the appellant, that being a matter for the Delaware court wherein the valid and subsisting custody order stood at the time of the hearing.

On the facts here confronting the court the two oldest children were *legally* brought to Kansas in June, 1960, by the father and they remained in Kansas. As a result of the mother's application for a writ of habeas corpus both parties and the two oldest children were personally before the district court of Johnson County, Kansas. Under these circumstances the trial court had jurisdiction, pursuant to *Wear v. Wear,* supra, and *Moloney v. Moloney,* supra, to determine the issue of child custody raised by the father in his response to the mother's application for a writ of habeas corpus.

The appellee (father) in the instant case may have conceded too much in his brief when he said: "Appellant is correct in her statement that jurisdiction of the subject matter of child custody depends upon whether the children in question were in fact domiciled in this state at the time of the commencement of the action below." Assuming, without conceding, this concession binds the appellee, it nevertheless does not undermine the decision of the trial court in my opinion.

The case of *State ex rel. Larson v. Larson,* 190 Minn. 489, 252 N. W. 329, was cited with approval in *Kruse v. Kruse,* supra. There the parents were domiciled in the state of Iowa, where they were divorced in 1931. The decree awarded the custody of the minor child alternately to each parent for six months. Thereafter the mother established her domicile in Minnesota. In accordance with the decree the child spent six months of each year in Iowa with the father and six months of each year in Minnesota with the mother. In 1933 at the expiration of the third six-months period with the mother, she refused to surrender the child to the father. In the habeas corpus proceedings which followed the lower court awarded custody of the child to the mother and this decree was affirmed. After giving these facts the *Kruse* decision quotes the *Larson* opinion as follows:

" 'Applying the above-discussed principles to the case at bar, we conclude that the minor child was domiciled in Minnesota at the time of the commencement of this action. After the Iowa divorce the mother changed her domicile to Minnesota. The minor's domicile is that of the parent to whose custody it has been awarded. So for each of the six-months periods that the mother had the custody the minor's domicile was in Minnesota. When this action was commenced the child had been *in Minnesota for a few days over the six-months period, but had not been returned to Iowa. The domicile would not be reestablished in Iowa until the minor had returned there.'* " (p. 950.) (Emphasis added.)

In my opinion the principle of law above stated in *Larson* and approved in *Kruse* should control the decision herein.

By the undisputed facts and the evidence of both parties their legal domicile in the state of Texas terminated within a matter of days following the entrance of the decree of divorce, when all four children and both parties hereto discontinued residing within that state. The mother went to Maryland with the four children which then became her legal domicile. When the appellee assumed his right to the custody and brought the two oldest children to his

home in Johnson County, Kansas, the children then became domiciled in Kansas and their former legal domicile in the state of Maryland terminated. Any question that the legal domicile of the children reverted to the state of Maryland is completely negated when the mother terminated her legal domicile in August, 1960, and moved to the state of Washington. Now, could it be said that the children here involved were legally domiciled in the state of Washington, within which state they had never been or resided in the entirety of their lifetime? The mother's application for the writ of habeas corpus gave her address to be in the state of Washington.

The mother's complaint of the claimed failure of the father to obtain a modification of the Texas decree is refuted by the fact the Texas court lost all jurisdiction and power to modify the decree because neither of the parties nor their four children were ever domiciled in Texas for more than a few days after the decree was entered. (*Kruse v. Kruse,* supra; and *Leach v. Leach,* supra.) Furthermore, the father was unable at the termination of his summer custody to obtain a modification of said decree in the courts of the state of Maryland, since the mother and none of the children were legally domiciled within the jurisdiction of any courts of that state. The evidence discloses that the father was never informed as to the whereabouts of the mother and his two youngest children residing with her, until the filing of the instant petition for a writ of habeas corpus.

Therefore, from the moment the father obtained custody in June, 1960, until the date of the hearing in the instant case, nothing occurred to change the legal domicile of the oldest two children from the state of Kansas, and for that reason the trial court had full jurisdiction to inquire into the rights of custody concerning these children and make an appropriate order to protect their best interests. It is clear the trial court did not refuse to extend full faith and credit to the Texas divorce decree, but heard only evidence relative to changed circumstances and conditions since the entry of that decree.

It is respectfully submitted the trial court should be affirmed.

JACKSON, J., joins in the foregoing dissent.