No. 122,700

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RHEUBEN JOHNSON,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF CORRECTIONS, *et al.*,
*Appellees*.

SYLLABUS BY THE COURT

1.

K.S.A. 2019 Supp. 60-1501(a) provides three options for where a K.S.A. 60-1501 petition may be filed—in the Kansas Supreme Court, in the Kansas Court of Appeals, or in the district court of the county in which the petitioner's detention, confinement, or restraint is taking place. Kansas courts have interpreted this provision to mean that a K.S.A. 60-1501 petition, when filed in the district court, must be filed in the county of the petitioner's confinement.

2.

K.S.A. 60-611 controls the disposition of a civil case filed in the wrong venue, directing that when a case is filed in good faith but in the wrong district court, the action shall be transferred to a court of proper jurisdiction of any county of proper venue.

3.

The proper course for a district court when faced with a K.S.A. 60-1501 petition filed in the wrong county—i.e., the improper venue—is to transfer the case to the district court in the county where the petitioner is being confined.

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed January 29, 2021. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant, and *Rheuben Johnson*, appellant pro se.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellees.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

WARNER, P.J.:  Under Kansas statutes, an inmate who seeks a writ of habeas corpus to challenge the conditions of his or her confinement must comply with certain procedures. Relevant here, K.S.A. 2019 Supp. 60-1501(a) states that an inmate may file an application for habeas corpus relief in "the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

Rheuben Johnson filed a pro se petition under K.S.A. 2019 Supp. 60-1501, alleging the Winfield Correctional Facility had taken his property in violation of his due process rights. Before he filed his petition, Johnson was transferred from Winfield to the Hutchinson Correctional Facility in Reno County. But instead of filing his petition for habeas corpus relief in Reno County, he filed his petition in Shawnee County District Court. The court dismissed Johnson's petition under K.S.A. 2019 Supp. 60-1501(a) since he was not confined in Shawnee County.

Johnson appeals, arguing the district court should have transferred his case to Reno County instead of dismissing his petition outright. We agree that the court erred when it dismissed the petition instead of transferring the case to the proper venue. We therefore reverse the court's dismissal and remand with directions that the district court transfer the case to the county where Johnson is confined.

FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2019, Johnson filed a petition under K.S.A. 2019 Supp. 60-1501 in Shawnee County. Johnson's petition challenged a disciplinary action that had arisen at the Winfield Correctional Facility when he had been confined there and had been upheld by the Secretary of Corrections in Topeka. As a result of the disciplinary action, Johnson's privileges were restricted for 10 days, and the Department of Corrections imposed a $10 fine. In his K.S.A. 60-1501 petition, Johnson alleged, among other things, that the imposition of this fine deprived him of property without due process of law.

By the time he filed his petition, Johnson had been transferred from the correctional facility in Winfield to the facility in Hutchinson. The Kansas Department of Corrections filed a motion to dismiss, arguing Johnson's petition had been filed in the wrong county because he was incarcerated in Reno County—not Shawnee County—at the time of filing.

In his response, Johnson argued that Reno County was not the proper venue because "Shawnee Co and Cowley Co are where the 'taking' of [his] property took place." Johnson pointed out that the challenged disciplinary action had taken place in Winfield and had been upheld by the Secretary in Topeka. And Johnson argued that because he was challenging an action that had already occurred, K.S.A. 2019 Supp. 60-1501(a)'s reference to an ongoing dispute—directing that a petition be filed in "the county in which such restraint is taking place"—is inapplicable. Finally, Johnson argued that even if Shawnee County was not the proper venue, the court should transfer the case to the appropriate county instead of dismissing it.

The district court found that because Johnson chose to file his petition in district court, he was required to file it in Reno County, where he is incarcerated. The court then turned to the appropriate disposition of the case—that is, whether it should dismiss Johnson's petition or transfer it to the appropriate venue. The court found that "[b]oth

3

options have been affirmed by the appellate courts in the past." The court ultimately decided to dismiss the petition entirely.

Although the district court issued its order on November 22, 2019, Johnson did not receive notice of the order until January 16, 2020. After he received the court's order, Johnson timely appealed.

DISCUSSION

K.S.A. 2019 Supp. 60-1501 provides a procedural means through which a person may challenge the conditions of his or her confinement. This statute applies to anyone who is "detained, confined or restrained of liberty" and is "physically present in this state." K.S.A. 2019 Supp. 60-1501(a). Among other relief, the statute provides inmates of the Department of Corrections an avenue to challenge the administrative actions of a penal institution. See K.S.A. 2019 Supp. 60-1501(b); *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994). To state a claim for relief, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

On appeal, Johnson challenges the district court's dismissal of his K.S.A. 60-1501 petition in two respects. First, he asserts that it was permissible for him to file in Shawnee County, not Reno County, because that is where his disciplinary action was ultimately resolved (when the outcome was upheld by the Secretary of Corrections). Second, he argues that even if his petition was filed in the wrong venue, the district court should have transferred his case to the correct court instead of dismissing it.

Because the district court dismissed Johnson's petition based only on the motions, files, and records without taking evidence, we review its decision de novo. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). And to the extent our analysis turns

4

on the interpretation of K.S.A. 2019 Supp. 60-1501 and other Kansas statutes, matters of statutory interpretation are legal questions over which our review is unlimited. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

K.S.A. 2019 Supp. 60-1501(a) provides three options for where a K.S.A. 60-1501 petition may be filed—in the Kansas Supreme Court, in the Kansas Court of Appeals, or in "the district court of the county in which [the petitioner's] restraint is taking place." Kansas courts have interpreted this provision to mean that a K.S.A. 60-1501 petition, when filed in the district court, must be "filed in the county of confinement." *Safarik*, 20 Kan. App. 2d at 67. This statutory provision codified the longstanding rule, in place before K.S.A. 60-1501 was enacted, that "a court has no authority to issue a writ of habeas corpus directed to a person detained outside its territorial jurisdiction." *Anderson v. Anderson*, 214 Kan. 387, 392, 520 P.2d 1239 (1974); see also *Love v. Love*, 188 Kan. 185, Syl. ¶ 2, 360 P.2d 1061 (1961) (A habeas corpus proceeding is viewed "in the nature of a proceeding *in rem*," meaning the "application for a writ must be brought in the judicial district where the alleged illegal detention occurs.").

Given this background, the district court was correct when it concluded that under K.S.A. 2019 Supp. 60-1501(a), the only Kansas district court with jurisdiction to issue the writ Johnson sought was the court in the district where he was presently confined—in Reno County. That is, only the judicial district where the petitioner is located has the power to issue writs affecting the conditions of his or her confinement. And the statute also has a practical side, preventing the need for an inmate or other confined person to be transported to a different district so he or she may appear in court.

Johnson points out that the disciplinary action that he is challenging occurred in Cowley County, not Reno County. And the Secretary of Corrections, who upheld the outcome of that action, offices in Topeka. While we appreciate Johnson's argument that there could be reasons why it might make sense—in the abstract—to file his petition

5

elsewhere, the Kansas Legislature did not include those possibilities in K.S.A. 2019 Supp. 60-1501 as locations where a petition may be filed. Instead, the statute indicates that "a person in this state who is being detained, confined[,] or restrained" can seek a writ of habeas corpus from "the district court of the county in which such restraint is taking place." K.S.A. 2019 Supp. 60-1501(a). In other words, under K.S.A. 2019 Supp. 60-1501, the only district court that has jurisdiction to issue the writ Johnson seeks is the district court in the county where he is currently being confined.

Thus, the district court was correct when it found that Johnson had not filed his petition in the proper venue. Our inquiry does not end here, however. Instead, we must determine whether the district court abused its discretion when it dismissed Johnson's case instead of transferring it to Reno County.

Our court has issued multiple opinions, largely unpublished, discussing whether a habeas petition filed in the wrong county should be dismissed or transferred. As the district court here recognized in its ruling, a few panels have upheld dismissal as an appropriate remedy. See *McKinney v. State*, 27 Kan. App. 2d 803, 803-04, 9 P.3d 600 (2000); *Burch v. Lynch,* No. 106,612, 2012 WL 718991, at *2 (Kan. App. 2012) (unpublished opinion). But in more recent cases, most of our decisions have found that the proper course is to transfer the case to the appropriate district court so the case may be heard. See, e.g., *White v. State*, No. 121,755, 2020 WL 2602031, at *1 (Kan. App. 2020) (unpublished opinion) (reversing district court's dismissal of habeas petition and remanding for transfer to appropriate venue); *Johnson v. Pryor*, No. 116,126, 2017 WL 2403358, at *3 (Kan. App. 2017) (unpublished opinion) (affirming district court's dismissal of habeas petition for lack of jurisdiction but remanding for transfer to the appropriate venue); *Miller v. State*, No. 114,557, 2016 WL 7032240, at *8 (Kan. App. 2016) (unpublished opinion) (finding that transferring a case filed in an improper venue serves "'the interest of administrative and judicial economy'"); *Lindsay v. Conover*, No. 104,731, 2011 WL 2040283, at *1 (Kan. App. 2011) (unpublished opinion) (noting that

6

when a habeas petition is brought in the wrong county, "[t]he remedy for improper venue typically is transfer to a court in which venue properly lies . . . rather than dismissal").

One reason favoring transfer over dismissal is the growing recognition that this is not a question of subject-matter jurisdiction—that is, whether Kansas district courts have authority to hear K.S.A. 60-1501 petitions—but rather one of *venue*. Indeed, the legislature has recognized district courts' authority to consider K.S.A. 60-1501 petitions generally. See K.S.A. 2019 Supp. 60-1501(a). The problem here is that Johnson filed his petition in the *wrong county*, a location where the district court could not grant him the relief he sought under the statute. Compare *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, Syl. ¶ 1, 204 P.3d 562 (2009) (subject matter jurisdiction defines the court's ability to hear a case at all), with *Cansler v. State*, 234 Kan. 554, 573, 675 P.2d 57 (1984) (improper venue results not "in dismissal of the action, but merely transfer").

In Kansas, K.S.A. 60-611 controls the disposition of a civil case filed in the wrong venue. Under this statute, when a case is commenced in good faith but filed in the wrong district court, "the action shall be transferred to a court of proper jurisdiction of any county of proper venue." K.S.A. 60-611. See *Cansler*, 234 Kan. at 573; *White*, 2020 WL 2602031, at *1 (recognizing K.S.A. 60-611 applies to K.S.A. 60-1507 motions).

The Department argues that K.S.A. 60-611 is inapplicable because K.S.A. 2019 Supp. 60-1501 "established a specific venue" rule and does not contemplate or permit transfer between district courts. We disagree. K.S.A. 2019 Supp. 60-1501(a) indicates that the only district court that may issue a writ of habeas corpus is the court located in the county where an inmate is incarcerated. But nothing in that statute is inconsistent with the more general principle of K.S.A. 60-611, which directs a district court to transfer a case filed in the wrong county to the appropriate venue. Because the two statutes do not conflict, K.S.A. 60-611 directs that a K.S.A. 60-1501 petition filed in the wrong county should be transferred to the proper venue, not dismissed.

7

The practical realities facing incarcerated persons underscore the wisdom of the legislature's statutory directive in this context. Petitions filed by inmates must be filed within 30 days of exhausting the administrative process under K.S.A. 2019 Supp. 60-1501(b); it makes sense that a timely petition filed in the wrong court should be transferred to an appropriate venue instead of injecting confusion as to whether a new action would comply with the statute. And as the facts here demonstrate, an inmate may be transferred to a different facility while a dispute is ongoing. Faced with the potential confusion that could arise in these circumstances, the legislature has determined that the appropriate course when a petition is filed in the wrong county is to transfer the case to the county where it may be properly heard.

In this case, the district court determined that it should dismiss the petition largely due to the transient nature of Johnson's dispute—noting that Johnson is "incarcerated in one county, the facts supporting the petition occurred in a second county, and the petition itself was filed in a third county." But these details do not alter the district court's previous determination that the proper venue was the county where Johnson was incarcerated. Nor do they justify dismissing the case when K.S.A. 60-611 directs that a petition filed in the wrong county "shall be transferred" to a district court in the "county of proper venue." K.S.A. 60-611.

The proper course for a district court faced with a K.S.A. 60-1501 petition filed in the wrong county—i.e., the improper venue—is to transfer the case to the district court in the county where the petitioner is being confined. Here, the district court erred when it dismissed Johnson's case instead of transferring it to Reno County. We therefore reverse that dismissal and remand the case with directions that the district court transfer it to the Reno County District Court.

Reversed and remanded with directions.

8